**Anthony Ray NELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58807.**

Court of Criminal Appeals of Texas,
Panel No. 2.

June 11, 1980.

Thomas L. Cox, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton and James G. Walker, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

Nelson was convicted of burglary of a habitation. The court assessed punishment at eight years.

Appellant contends the evidence adduced was insufficient to show that a burglary had been committed in that no evidence was presented which tended to show that an unconsented entry had been made upon the premises in question.

Viewed in the light most favorable to the verdict, the evidence shows that Nelson volunteered to help the maintenance man at an apartment complex to move furniture from a vacant apartment into the apartment to be rented by appellant. Appellant and the maintenance man spent some thirty to forty minutes moving the furniture.

On the next day the manager of the complex noticed that an industrial rug shampooer was missing from the vacant apartment where it had been placed sometime before the moving of the furniture in order to prepare the vacant apartment for its next tenant. The shampooer was subsequently found in the trunk of appellant's car.

No one testified to having seen the shampooer between the time Nelson was inside the vacant apartment moving furniture and the time it was discovered to be missing the next day; neither the apartment manager nor the policemen who were called to investigate found any evidence of a forceable entry into the vacant apartment.

The State, relying upon *Rodriquez v. State*, 549 S.W.2d 747 (Tex.Cr.App.1977), contends that appellant's unexplained possession of the recently stolen shampooer is sufficient to support a conviction for burglary.

The evidence would support a conviction for theft under *Rodriquez*, but in cases in which we have applied the "unexplained possession rule" to *burglaries*, there has been evidence of unlawful entry independent of the missing property. See, e. g. *Williams v. State*, 504 S.W.2d 477 (Tex.Cr. App.1974); *Jones v. State*, 458 S.W.2d 89 (Tex.Cr.App.1970); *Edmonds v. State*, 407 S.W.2d 783 (Tex.Cr.App.1966). In *Jones*, we cited the rule as set out in 10 Tex. Jur.2d, Burglary, Section 90, page 254:

> "*A burglarious entry . . . having been established*, the unexplained possession by the accused of property recently stolen from the premises is generally considered to be sufficient to support a conviction of burglary." (Emphasis supplied).

 The fact of burglary may be proved by circumstantial evidence, *Jones v. State*, supra. In the instant case, the evidence is uncontroverted that a consensual entry was made by appellant and that the shampooer which was present before that entry was found one day later to have been stolen.

No evidence having been presented of a second, unconsented to entry by appellant, and no testimony having been offered that the shampooer was still in the vacant apartment at the close of appellant's consensual entry, we cannot say that the evidence presented could support beyond a reasonable doubt the inference that the stolen shampooer had been taken pursuant to a burglary rather than by a simple act of theft.

The evidence being insufficient to support the verdict, the judgment is reversed and remanded with instructions to enter a judgment of acquittal.