Kenneth Dale CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00244–CR.

Court of Appeals of Texas,
San Antonio.

March 21, 1984.

Greg Canfield, San Antonio, for appellant.

Sam Milsap, Jr., Paul J. Goeke, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

DIAL, Justice.

Appellant was convicted by a jury of the offense of burglary of a vehicle after a plea of not guilty. The trial judge found that the appellant had been once before convicted of a felony and assessed punishment at ten years and one day confinement in the Texas Department of Corrections.

The State's evidence was that a water pump had been taken from the trunk of the car of the complainant between the hours of 8:30 a.m. and 3:30 p.m. The lock to the trunk of the car had been broken. Shortly after noon on the same day the appellant and a companion went to an ice house in San Antonio. The appellant offered to sell a water pump to the State's witness, who testified he had known the appellant previously. To an inquiry as to the ownership of the pump, the appellant had said, "No problems." When asked, "Is it hot?" the appellant said, "It's not hot." The witness agreed to buy the pump for $50.00. The appellant removed it from a pickup truck and placed it in a back room of the ice house where tires were repaired. The pump was later identified by serial number as having been stolen from the complainant.

■ Appellant contends by ground of error that this circumstantial evidence is in-sufficient to sustain a conviction for burglary of a vehicle, and his motion for directed verdict should have been granted. An inference or presumption of guilt sufficient to sustain a conviction may arise from the defendant's possession of property stolen in a recent burglary; however, to warrant such an inference or presumption of guilt from the possession alone, such possession must be personal, recent, unexplained and must involve a distinct and conscious assertion of right to the property by the accused. *Valdez v. State*, 623 S.W.2d 317, 319 (Tex.Cr.App.1981); *Rodriguez v. State*, 549 S.W.2d 747, 749 (Tex.Cr.App.1977). Additionally, there must be evidence of unlawful entry or breaking into the vehicle independent of the missing property. *Nelson v. State*, 599 S.W.2d 809, 810 (Tex.Cr.App.1980).

■ The evidence is sufficient to show that the appellant was in personal possession of the recently stolen water pump taken from the locked automobile, which property could not have been removed from the complainant's car without a breaking into or illegal entry into the vehicle. Appellant's first ground of error is overruled.

■ Appellant has two additional grounds of error relating to the State's cross-examination of appellant's mother, called as a defense witness. The first concerns the following testimony:

Q: Was there a burglary at your house in August of 1982?

A: Yes, sir, I don't know what date it was.

Q: Towards the end of August, 1982?

A: Yes.

Q: That was on Shepherd Road?

A: Yes.

Q: Did you accuse your son of the burglary?

A: Yes, sir. I was just mad at him at the time.

MR. CANFIELD: I object to this whole line of questioning. It's an effort on the part of the prosecutor to bring out an extraneous offense.

THE COURT: Sustained.

MR. CANFIELD: We ask for an instruction to the jury to disregard.

THE COURT: The only thing we're concerned with is the indictment in this cause. You will disregard any testimony regarding any other possible activity.

MR. CANFIELD: We also move for a mistrial at this time.

THE COURT: Overruled.

Appellant contends that the trial court should have granted the motion for mistrial based on the State's introduction of an alleged extraneous offense.

The mother's statement that she accused her son of a burglary because she was mad at him at the time requires a strained construction to be denominated as evidence of an extraneous offense. The State nevertheless replies that the testimony was admissible to disprove a defensive theory. The mother had previously testified that the appellant was suffering from a physical incapacity making it difficult for him to walk, straighten up, or lift anything heavy. The import of this testimony was that the appellant lacked the physical capacity to commit the offense with which he was then charged. Accusing her son of committing a burglary would be inconsistent with her conclusion that he was physically incapable of committing burglary of a vehicle. An accused should not be tried for some extraneous crime or for being a criminal generally; however, evidence of an extraneous offense is admissible to refute a defensive theory raised by the accused. *Wintters v. State*, 616 S.W.2d 197, 200 (Tex.Cr.App. 1981); *Ransom v. State*, 503 S.W.2d 810, 814 (Tex.Cr.App.1974). Further, the prompt action of the trial judge instructing the jury to disregard the testimony cured any possible error. *Campos v. State*, 589 S.W.2d 424, 428 (Tex.Cr.App.1979).

The last ground of error is based on the following testimony of the mother:

Q: Have you ever been afraid of your son, ma'am?

A: Not really.

Q: Have you ever told anybody you were afraid of him?

A: Maybe when I'm just mad. Sometimes my mouth just rattles. You know how women are. I'm afraid of everything. You can ask anybody about this.

This is construed by the appellant as an attack on his character before character was put into issue.

The adverse party has the right to prove any motive or declaration of a witness which will tend to show his bias, interest or prejudice, or any other mental condition of the witness which in any manner tends to affect his credibility. *Jackson v. State*, 482 S.W.2d 864, 867 (Tex.Cr.App.1972). The questioning by the State's attorney fairly inquired into a condition which might have affected the credibility of the witness. We do not construe it as an attack on the appellant's character. In our opinion it was an inquiry into the nature of the relationship between the parties and motive of the witness for her testimony. Further, the record does not show that any objection was made to the testimony by the appellant's attorney. This would amount to a waiver of any complaint on appeal on these grounds. *McGrew v. State*, 523 S.W.2d 679 (Tex.Cr.App.1975). Both grounds of error are overruled.

Lastly, the appellant was indicted in one paragraph for burglary of a vehicle and in the second paragraph for theft of property of a value of $200.00 or more but less than $10,000.00. The State elected to proceed on the first paragraph of the indictment; the jury was so instructed, and the jury returned a verdict, "We, the jury, find the defendant, Kenneth Dale Carter, guilty of burglary of a vehicle as charged by indictment." The judgment, however, adjudges the appellant guilty of the offense of "theft $200.00–$10,000.00." Where an appellate court has the necessary data and evidence before it for reformation, the judgment may be reformed on appeal. *Knight v. State*, 581 S.W.2d 692, 694 (Tex.Cr.App.1979). Accordingly, the judgment is reformed to read "It is therefore considered, ordered and adjudged by the court that the defendant is guilty of the

offense of burglary of a vehicle," to conform to the indictment, proof, and verdict.

As reformed, the judgment of conviction is affirmed.