THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TREACIL FREY, Defendant-Appellant.

Fifth District   No. 5—83—0623

Opinion filed July 18, 1984.

Randy E. Blue and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Randy Patchett, State's Attorney, of Marion (Kenneth R. Boyle, Stephen E. Norris, and Karen L. Stallman, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Treacil Frey, was found guilty of burglary and theft after a bench trial in the circuit court of Williamson County. The sole question raised on defendant's appeal is whether the Illinois burglary statute (Ill. Rev. Stat. 1983, ch. 38, par. 19—1(a)) applies to his unauthorized act of knowingly entering the open bed of a pickup truck with the intent to steal therefrom a sledgehammer.

In this case of first impression, the facts are simple and undisputed. Lowell Hartwell's pickup truck was parked unattended in the public parking lot in Marion. Robert McCoskey, an off-duty Marion patrolman, was painting windows in a building above the parking lot and observed defendant walk to the back of the pickup truck, put on gloves and take a sledgehammer from the open bed. Defendant left with the sledgehammer.

The defendant was apprehended a short time later and taken to the police station where McCoskey identified him and Hartwell identified his sledgehammer. Hartwell testified that he did not know the defendant nor did he authorize him to remove the sledgehammer from

the truck.

Section 19—1(a) provides in relevant part:

> "Sec. 19—1. Burglary. (a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft. ***."

■■ Defendant principally relies on *In re E.S.* (1981), 93 Ill. App. 3d 171, 416 N.E.2d 1233. In that case the court was concerned with whether an adjacent fenced-in area may be considered as part of a building within the meaning of the burglary statute. The court held that it may not and drew a sharp distinction between a "building," "shelter," "structure," or "edifice" which protects either persons or property and a fenced-in area adjacent to it. The building and adjacent lot were considered separate physical entities. Entry into the lot was not entry into the building. Defendant here urges us to apply the same analysis and find the open bed of the pickup truck like the fenced-in area and the cab of the pickup truck the equivalent of the "building" or "structure." Thus, while the cab could be burglarized, the open bed could not be.

*In re E.S.* can be distinguished on the facts. The instant case involves a motor vehicle, not a building. Section 19—1(a) prohibits unauthorized, knowing entry into a "motor vehicle *** or any part thereof, with intent to commit therein a *** theft." We would have to conclude that the bed of a pickup truck is not "any part thereof" and that entry into the bed is not entry into a motor vehicle. The bed of a pickup truck is as much a part thereof as is, for example, the passenger cab or the truck compartment. We conclude that an unauthorized, knowing entry into the bed of a pickup truck with intent to steal something therefrom is an act properly characterized and chargeable as burglary. Accord, *State v. Cloud* (S.D. 1982), 324 N.W.2d 287; *People v. Romero* (1972), 179 Colo. 159, 499 P.2d 604; *People v. Banuelos* (1977), 40 Colo. App. 267, 577 P.2d 305.

■■ ■ That the bed was not sheltered, protected, covered, closed or sealed, or in some other manner completely enclosed, is no defense to an unlawful entry under this statute. (*Cf. People v. Baynes* (1980), 87 Ill. App. 3d 1000, 410 N.E.2d 894, *rev'd on other grounds* (1981), 88 Ill. 2d 225, 430 N.E.2d 1070 (entry of auto through already-broken window); *People v. Blair* (1971), 1 Ill. App. 3d 6, 272 N.E.2d 404, *aff'd* (1972), 52 Ill. 2d 371, 288 N.E.2d 443 (open-bay car wash a "building").) A common law breaking is no longer an essential ele-

ment of the crime of burglary (see *People v. Weaver* (1968), 41 Ill. 2d 434, 242 N.E.2d 245, and Ill. Ann. Stat., ch. 38, par. 19—1, Committee Comments, at 569 (Smith-Hurd 1961)); an unlawful entry may be accomplished by "breaking the close" defined by the four sides, the bottom, and the imaginary plane extending atop the sides and parallel to the bottom. As the State suggests, if defendant's argument were to be accepted then open convertibles, motorcycles, small fishing boats, railroad flatcars and the like could never be burglarized. We do not believe this result was contemplated by the legislature. The statute was designed to deter unauthorized entry into any part of a motor vehicle.

■ Defendant has not taken issue with the severity of his sentence. Nevertheless, the imposition of an extended-term sentence of 11 years under these facts has caused us to determine what factors in aggravation set forth in paragraph (b) of section 5—5—3.2 (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2) were found to be present.

The trial court is not permitted to impose an extended term unless it finds present these factors therein listed: (1) a previous felony of the same class conviction, or (2) the present offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty, or (3) the present offense was committed against a person under 12 or over 60 years of age or physically handicapped. (See Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—2(a)(4).) The single factor in aggravation found under section 5—5—3.2(b) was that the defendant had been previously convicted in Illinois of the same class felony within 10 years. The defendant entered negotiated pleas of guilty in two burglary cases consolidated in 1977.

Section 5—8—2(a)(4) permits an extended term; it does not require one. While we have no doubt that under a multitude of sentencing circumstances this single factor would be a sufficient reason for imposing an extended term, we have serious doubt as to the propriety of defendant's severe sentence in the instant case. After careful review of the sentencing hearing transcript we are not convinced that the trial court informed itself of the full range of incarceration alternatives in order to assure defendant a fair sentence. Nor are we convinced that this single factor, in this case, was given appropriate weight.

The record is replete with comments from the sentencing judge indicating that he had reservation about imposing an extended term. The court explained the law. It was quick to add, "I didn't make that law but the Legislature apparently felt that would be one way they could help prevent repeaters, prevent people from repeating the com-

mission of crimes." The court explained,

> "Must have been their intent to punish more severely those people who commit second offenses than those who commit the first offense. The offense that was committed here was a misdemeanor theft along with the ruling that it was burglary. The theft is not of any great importance. Really it is a misdemeanor, only a sledgehammer.
>
> * * *
>
> There is one thing for sure he has previously been convicted of burglary. And he stands convicted at this time and the Legislature says if a person comes before you under those circumstances he is subject to serve an extended term.
>
> * * *
>
> I am just an instrument of the law and I don't make law. I am just an instrument of it. And I would like to see that there be no crime in this country but I know that this one case won't make the difference but it might have a deterrent effect upon the public because the people need to know you can't steal and get by with it forever."

The court did consider probation but this was ultimately rejected:

> "If I felt that Mr. Frey would live up to probation and not be guilty of violating any criminal laws I would be more than happy to put him on probation because he has never had a sentence in court, because he has never had the appearance in court of being a man you don't like.
>
> Nothing about Mr. Frey would cause you to dislike him. He is a remarkable sort of person to get along with. Probably wouldn't mind living next door to him if he didn't steal. There is not a thing about him that is obnoxious * * *."

The court apparently felt that since it found present one of the factors listed in section 5—5—3.2(b) it was required to impose the extended term. The court did not of record consider the sentencing alternatives available under section 5—8—1. We believe this ought to have been done.

■■ ■ It is obvious that the court considered a deterrent factor and a past criminal activity factor (see sections 5—5—3.2(a)(3) and (7)) in arriving at its conclusion that an extended term was to be imposed. These factors were improperly considered for this purpose. The only factor to be given weight for such a determination under these facts is the factor listed in section 5—5—3.2(b)(1). On remand, the factors listed in sections 5—5—3.2(a)(3) and (7) could be used just as effectively for purposes of setting a sentence within the range permitted

for burglary, a Class 2 felony, of not less than three years, nor more than seven years. Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(5).

For these reasons the judgment of conviction of the circuit court of Williamson County is affirmed. The sentence is vacated and this cause is remanded for resentencing.

Conviction affirmed; sentence vacated; remanded.

HARRISON and JONES, JJ., concur.