Andrew Jessie **LOVE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–87–068–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 17, 1987.

Larry Urquhart, Brenham, for appellant.

Charles J. Sebesta, Jr., Caldwell, Gerald M. Brown, Temple, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Jessie Love, appeals from a judgment of conviction for the offense of burglary of a vehicle. Appellant entered a not guilty plea. The court found him guilty and assessed punishment at five years confinement in the Texas Department of Corrections. We reverse the judgment of the trial court and order entry of a judgment of acquittal because there is insufficient evidence to establish burglarious entry.

Appellant urges seven points of error. In the first two he challenges the sufficiency of the evidence to support the court's finding either that he broke into or entered a vehicle, or that he participated as a principal or as a party to the alleged offense. In four points of error he contends the trial court erred in overruling: (1) his motion to quash the indictment due to a failure to identify the vehicle allegedly entered; (2) his motion to suppress evidence recovered from the trunk of the car he was driving because (a) the affidavit authorizing the search warrant failed to sufficiently allege probable cause, (b) the search warrant was tainted by an unlawful arrest, and (c) the search was not based on probable cause to believe contraband would be in the trunk. A seventh point of error alleges the search warrant failed to provide a sufficiently specific description of the property to be searched and seized. Because we find insufficient evidence to support the conviction, we need not address points of error three through seven. However, we will address both sufficiency challenges. *Froyd v. State,* 633 S.W.2d 884 (Tex.Crim. App.1982) (en banc) (per curiam).

The evidence established that Dorothy Addicks drove her 1982 Ford LTD to her job at the Brenham State School on August 11, 1986. Shortly after she returned from lunch, a co-worker, Alexander Grote, informed her and several others that their cars' wheel covers (hubcaps) were missing. When Officer Lucky Wilson arrived at the school in response to Grote's call, five people, including Dorothy Addicks, reported their wheel covers missing. Grote told Wilson he saw an unfamiliar car, first parked on the roadway in the parking lot, and later driving out of the parking lot at normal speed. Based on a description Grote gave him, Officer Wilson immediately broadcast a description of the vehicle and its two occupants over his police radio. He described a 1973 or 1974 Buick Century, brown or tan in color, with a rough roof or partial vinyl roof. He described its occupants as two black males, one wearing a white sleeveless shirt and the other having a beard and "fuzzy Afro."

Shortly thereafter, a state trooper heard the broadcast and detained a car fitting Wilson's description on Highway 290. Appellant was driving the car. He and his companion allowed the trooper to search the car's passenger compartment, but refused to consent to a search of its trunk. They claimed they did not have a key and did not want the trunk opened without one. When Officer Powell of the Brenham Police Department arrived at the scene, appellant and his companion drove the car back to the Brenham Police Department, accompanied by Powell and the trooper. After obtaining a warrant to search the trunk, the police seized eighteen wire wheel covers and a bag of "keys", wrench-like tools used to remove locking type wheel covers.

Powell testified that the eighteen wire or spoked type wheel covers he recovered from the trunk of the vehicle matched identically the descriptions and combinations of hubcaps reported stolen earlier that day from the several different cars at the Brenham State School. Although some of those covers required a key to remove them from the wheel base, Dorothy Addicks testified the four wire wheel covers taken from her car were not the locking type. Addicks said she did not give appellant or anyone else permission to remove her car's wheel covers. She testified she presumed the four which the Brenham Police later returned to her were in fact hers, because they seemed identical and they fit.

The indictment alleged that on or about August 11, 1986, in Washington County, Texas, the Appellant:

did then and there intentionally and knowingly break into and enter a vehicle and a part thereof without the effective consent of Dorothy Addicks, a person having a greater right to possession of said vehicle than the said ANDREW JESSIE LOVE, and with intent to commit theft....

In his first point of error, appellant contends the evidence is insufficient to support his conviction for burglary of a vehicle and argues the State failed to prove burglarious entry into Dorothy Addicks's vehicle. We agree.

Because appellant challenges the sufficiency of the evidence, we may uphold the trial court's decision only if, after viewing the evidence in the light most favorable to the judgment, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984) (en banc). The standard is the same, whether the evidence is direct or circumstantial and whether trial is to the court or by jury. *Houston v. State*, 663 S.W.2d 455 (Tex. Crim.App.1984) (en banc).

A person commits burglary of a vehicle if he breaks into or enters a vehicle, or any part of a vehicle, without the effective consent of the owner, intending to commit any felony or theft. Tex.Penal Code Ann. § 30.04 (Vernon 1974); *Washington v. State*, 603 S.W.2d 859 (Tex.Crim.App.1980). Of the two terms, "break" and "enter", the controlling term is "enter". *Landry v. State*, 653 S.W.2d 28, 29 (Tex.Crim.App. 1983) (en banc); *see also*, Searcy & Patterson, *Practice Commentary* Tex.Penal Code Ann. § 30.04 (Vernon 1974) (same).

■ To "enter" a motor vehicle means to intrude any part of the body or object connected with the body into the motor vehicle or a part thereof. Tex.Penal Code § 30.04(b)(1), (2) (Vernon 1974). *See also, Landry,* 653 S.W.2d at 29 (defining "to intrude" as "(t)o thrust or force (something) in or upon.... (t)o enter by force; to invade"). Although it produced no direct evidence to show appellant entered Dorothy Addicks's Ford, or any part of it, the State maintains it has produced sufficient circumstantial evidence to sustain the conviction. We disagree. Case law construing § 30.04(b) has consistently required proof that the accused penetrated the *interior* of a vehicle, or part of a vehicle, in order to sustain a conviction. *See, e.g., Bonner v. State,* 640 S.W.2d 601, 603 (Tex. Crim.App.1982) (car's wing vent window had been pried open); *Carter v. State,* 668 S.W.2d 851, 852 (Tex.App.—San Antonio 1984, pet. ref'd) (car's trunk lock had been broken); Moreover, in *Bonner* and *Carter,* the State provided additional proof of entry by establishing that something was taken from the interior of the vehicle.

The State asks us to apply *Bolden v. State,* 504 S.W.2d 418, 420–21 (Tex.Crim. App.1974), where the Court of Criminal Appeals refused to find merit in the accused's contention that there was insufficient proof of an entry. We find *Bolden* states the same proposition as *Bonner* and *Carter:* by establishing that something was taken which was kept or stored within the vehicle, the State offered additional proof of the entry itself. There is no evidence that anything was missing from within Addicks's Ford.

The dissent would rely entirely on *Alford v. State,* 676 S.W.2d 199 (Tex.App.—Corpus Christi 1984, no pet.) in sustaining appellant's burglary conviction. We distinguish *Alford* since that case involved revocation of an accused's probation where the State has the significantly less onerous burden of proof by a preponderance of the evidence. 676 S.W.2d at 201. Moreover, in *Alford,* there was additional *direct* evidence of a burglarious or unlawful entry since a police officer testified he saw Alford with his hands under the hood of a pickup truck, whereupon Alford lowered the hood. *Id.* at 202. In the instant case however, the State's proof was entirely circumstantial.

Nonetheless, *Alford* did involve some circumstantial evidence of a burglarious entry because the arresting officer testified he recovered the missing truck battery, covered with a towel, on the ground near Alford's feet. We are of the opinion that recovery of the missing battery in *Alford* actually supports our analysis of the instant case rather than the dissent's: since the battery was located *within* the vehicle, recovery of the missing battery *outside* the vehicle in *Alford* was supportive of a finding that an unlawful entry into the vehicle had occurred. In the instant case, by contrast, the circumstantial evidence the State offered to support a burglarious entry fails to support such a finding.

As *Nelson v. State* teaches, absent threshold proof of a burglarious entry, mere possession of the allegedly stolen wheel covers will not establish burglarious entry. 599 S.W.2d 809, 810 (Tex.Crim.App. [Panel Op.] 1980). *Accord, Carter,* 668 S.W.2d at 852. In this case there is insufficient evidence to establish that appellant entered Addick's vehicle within the meaning of § 30.04. There is no evidence of pry marks or damage to the vehicle so as to gain entry into its interior, nor was anything taken from its interior. Likewise, recovery of the bag of "keys" from appellant's possession fails to support an entry into Addicks's vehicle, since she testified her wire wheel covers were not the locking type.

■ Admittedly, the statute permits conviction for entering "a part" of a vehicle, and Texas courts have upheld § 30.04 convictions when the State established entry into a trunk or the area beneath a hood, as in *Carter* and *Alford* respectively. However, we decline to hold that mere removal of a vehicle's wheel covers, absent proof of burglarious entry, constitutes burglary of part of a motor vehicle.

Unlike the dissent, we are unwilling to hold that an object must *necessarily* have

been inserted between the hubcaps and the wheel bases of Addicks's vehicle. The record establishes not only that her wheel covers could be removed without a key, but also that they were of a spoked or wire type. Consequently, the evidence fails to exclude the possibility that Addicks's hubcaps were simply *pulled* off the wheel bases of her Ford. Since the evidence fails to exclude every reasonable hypothesis except appellant's burglarious entry into Addicks's vehicle, his conviction must be reversed. *See Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim.App.1984); (en banc) *Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App.1984) (en banc). *See also, Russell v. State,* 665 S.W.2d 771, 775 (Tex.Crim.App.1983) (en banc) (proof amounting only to a strong suspicion or mere probability is insufficient to support a conviction).

We sustain appellant's first point of error because we find there is insufficient evidence whereby a rational trier of fact could have found a burglarious entry into Dorothy Addick's vehicle beyond a reasonable doubt.

■ Pursuant to *Froyd v. State,* 633 S.W.2d at 885, we next review appellant's second point of error. He maintains there is insufficient evidence to show he participated as either a principal or a party to the alleged offense. We disagree. Had the State established an unlawful entry, we hold there was sufficient evidence to establish appellant's participation because the evidence fails to exclude every reasonable hypothesis except his participation. *See Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim.App.1984). While there is no direct evidence to show appellant acted as a principal or party, the State established his participation through circumstantial evidence. *See Beier v. State* 687 S.W.2d 2, 4 (Tex.Crim.App.1985) (en banc).

Although he concedes driving the car from which the police recovered the wire wheel covers, appellant argues the State failed to prove the car was the same seen earlier at the school. Based on Grote's description of the car and its occupants, we hold a rational trier of fact could have concluded the cars were the same beyond a reasonable doubt. Appellant next complains of a lack of conclusive proof that Dorothy Addicks owned four of the wire wheel covers the police recovered from the trunk of the car he was driving. Although Addicks conceded she was not absolutely certain the wheel covers were hers, we hold a rational trier of fact could have concluded they were hers beyond a reasonable doubt since Addicks testified they fit and looked identical. Moreover, the State established that all the recovered wheel covers matched the types reported missing from the cars parked at the school. We overrule appellant's second point of error.

Having found it necessary to reverse the judgment of the trial court due to insufficient evidence to establish burglarious entry into Dorothy Addicks's vehicle, we need not address appellant's third through seventh points of error. We reverse the judgment of the trial court and remand this cause to the trial court to enter an order of acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Gibbs v. State,* 610 S.W.2d 489 (Tex.Crim.App. [Panel Op.] 1980).

The judgment of the trial court is reversed and remanded.

PAUL PRESSLER, Justice, dissenting.

By overruling the second point of error and sustaining the first one, the majority holds that the appellant committed the act of which he was accused but that that act falls outside of the scope of TEX.PENAL CODE § 30.04. The latter part of that holding is demonstrably wrong for two reasons:

(1) the majority concentrates on the title of the statute rather than the intent of the legislature, and

(2) Texas precedent supports the conviction.

Title 7 of the Penal Code is entitled "Offenses Against Property." Chapter 30 is entitled "Burglary and Criminal Trespass." The appellant is guilty of both of the above

offenses, but the majority seems to hold that the Legislature cannot extend the definition of burglary beyond its traditional boundaries. The Legislature has prohibited "burglary" of coin-operated machines. TEX.PENAL CODE § 30.03. The majority refers to part of the comments in the Practice Commentary following Chapter 30 but ignores the rest of the comments which read as follows:

> An entry, in the traditional burglarious sense, into a coin-operated machine is an impossibility, and the interest that has traditionally justified a burglary offense-protection of the sanctity of enclosed, private places—does not attach, even remotely, to coin-operated machines. Thus an offense labeled "burglary of a coin-operated machine" is a misnomer. The offense is really criminal mischief against a coin-operated machine....

Searcy & Patterson, *Practice Commentary*, TEX.PENAL CODE § 30.03.

The commentary on § 30.04 makes the same point:

> Like burglary of coin-operated machines, burglary of vehicles other than habitations protects no interest not already protected by the criminal mischief and theft offenses. It serves only to make felons of thieves, even though the loss they inflict is not otherwise sufficient to justify felony treatment, if they are so unfortunate or uninformed that they steal or attempt to steal from a vehicle.

In other words, a vehicle is more like a vending machine than like a house.

Our lawmakers have chosen to free the prosecution from proceeding under the theft statute and establishing the value of stolen property. (It is elementary, of course, that nothing at all need be stolen for a burglary to be committed). The legislature could have *called* this offense "arson" without requiring that the perpetrator set fire to the vehicle. In short, the majority opinion has missed the plain meaning of the statute.

Even if it were correct, existing case law shows that reversal is unwarranted. In *Alford v. State*, 676 S.W.2d 199 (Tex.App.—Corpus Christi 1984, no pet.), the accused merely opened the hood of a pickup truck, yet the finding of burglary stood. Under the majority's reasoning, that defendant would have been better off if he had simply stolen the hood itself. Presumably the majority would allow a thief to take the hubcaps, the doors, the gas cap, indeed to dismantle the entire vehicle piece by piece. *Alford* is sufficient to sustain this burglary conviction. Among the cases in agreement with this position are the following: *State v. Pierre*, 320 So.2d 185 (La.1975) (there is no requirement that the part of the vehicle be habitable); *People v. Frey*, 126 Ill.App. 3d 484, 81 Ill.Dec. 602, 467 N.E.2d 302 (1984) (burglary conviction was proper for taking a hammer from the open bed of a pickup truck). Prying off the hubcaps certainly constitutes an entry under *Alford* unless the majority believes that the hubcaps all fell off the car.

The majority correctly states the applicable legal principle but it is not applied: "[c]ase law construing § 30.04(b) has consistently required proof that the accused penetrated the interior of a vehicle, or a *part* of a vehicle, in order to sustain a conviction." (Emphasis added). A hubcap is part of a vehicle. To pry it off the wheel requires the insertion of a metal object into the cavity between the hubcap and the wheel. If the hubcap were locked, there would have had to have been an inserting into the keyhole.

The only cases cited to support reversal are cases where the evidence was insufficient to show that the accused committed the act at all. No Texas case—not one—stands for the proposition that the act was not prohibited by § 30.04.

I dissent.