Otis Lee SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–88–01280–CR.

Court of Appeals of Texas, Dallas.

Nov. 21, 1989.

John H. Hagler, Dallas, for appellant.

Jeff Keck, Dallas, for appellee.

Before STEWART, LAGARDE and BURNETT, JJ.

## OPINION

STEWART, Justice.

Otis Lee Smith appeals his jury conviction for burglary of a vehicle. The trial court assessed punishment, enhanced by two prior felony convictions, at twenty-five years' imprisonment. In two points of error, appellant complains that the evidence is insufficient to prove 1) that there was a "burglarious entry" into the vehicle, and 2) that he is guilty as a party to the offense. We disagree. Accordingly, we affirm.

Dallas Police Officer Phillip Hughes testified that he and other officers were working a covert anti-burglary of vehicles operation in the Brookhollow section of Dallas. The officers loaded the bed of a pickup truck with tires and flares and parked the truck in a light industrial area. Officer Hughes kept surveillance of the truck from an unmarked city car parked nearby. Officer Hughes observed the occupants of a passing car turn their heads to look at the pickup truck. A short time later, the car returned to the location. During both of these "passes," the car slowed noticeably as it neared the truck. At trial, Officer Hughes identified appellant as the driver of the vehicle.

Officer Hughes then observed appellant park the car and walk with his companions through a vacant field toward the parked truck. Appellant did not cross the street to the truck. Officer Hughes observed appellant "looking both directions up and down [the street]" while his companions approached the truck, reached into the bed, and removed the tires and flares. Officer Hughes radioed for the back-up police unit to drive to the scene. After appellant and his companions were arrested, Officer Hughes went to the car that appellant had driven to the scene; the car engine was still running. Officer Charles Schmidt, who was serving as back-up for Officer Hughes, testified that a check on the license plates of the car driven by appellant revealed that the plates were not registered to the vehicle.

In considering the sufficiency of the evidence, this Court's inquiry is limited to determining whether, considering the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1974); *Girard v. State*, 631 S.W.2d 162, 163 (Tex.Crim. App.1982). A reviewing court must position itself as a final due process safeguard, ensuring only the rationality of the fact finder. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). The factfinder's verdict must stand unless it is found to be

irrational or unsupported by more than a "mere modicum" of the evidence. *Id.* at 867. It is with this standard of review in mind that we address appellant's sufficiency points.

In his first point, appellant complains that the evidence is insufficient to show a "burglarious entry." Appellant argues that the evidence showed, at most, a theft of the tires and flares from the bed of the pickup truck, and not burglary of a vehicle. Appellant was indicted under section 30.04 of the Texas Penal Code which provides in pertinent part:

### BURGLARY OF VEHICLES

(a) A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.

(b) For purposes of this section, "enter" means to intrude:

(1) any part of the body; or

(2) any physical object connected with the body.

The Practice Commentary states that section 30.04 "serves only to make felons of thieves, even though the loss they inflict is not otherwise sufficient to justify felony treatment, if they are so unfortunate or uninformed that they steal or attempt to steal from a vehicle." Searcy & Patterson, *Practice Commentary*, TEX.PENAL CODE ANN. § 30.04 (Vernon 1974).

■ Appellant argues that of the two terms, "break" and "enter," the controlling term in section 30.04(a) of the Texas Penal Code is "enter." *Landry v. State*, 653 S.W.2d 28, 29 (Tex.Crim.App.1983). As the State points out, *Landry* held only that "breaking into" and "entry" are not two distinct ways of committing the offense of burglary of a vehicle. *Id.* at 29. The State concedes that no breaking or other use of force was shown. However, section 30.04 makes breaking or any use of force immaterial. Searcy and Patterson, *Practice Commentary*, TEX.PENAL CODE ANN. § 30.04 (Vernon 1974). Evidence that a defendant entered a vehicle with intent to commit theft is sufficient for conviction.

*Grant v. State*, 647 S.W.2d 778, 780 (Tex. App.—Austin 1983, no pet.).

■ Appellant relies on *Love v. State*, 744 S.W.2d 247 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd), to support his contention that his companions did not enter the pickup truck. In that case, the evidence was insufficient to show an unlawful entry when the defendant had taken hubcaps from an automobile. The court found that the mere removal of hubcaps, without a showing that the defendant penetrated the interior of the vehicle, did not constitute burglary. *Id.* at 249. However, the majority opinion suggests that insertion of a key or any object to remove the hubcaps would have constituted "entry" of the vehicle as defined in section 30.04(b)(2) of the Texas Penal Code. *Id.*

In *Coleman v. State*, 608 S.W.2d 923 (Tex.Crim.App.1980) (Commissioner's decision), the Court of Criminal Appeals was faced with the issue now before us. The question for the court was whether the State had shown that the defendant had violated parole by committing the offense of burglary of a vehicle when he removed a compressor from the bed of a pickup truck. The court held that:

> The State established beyond a reasonable doubt that the Appellant entered the pickup truck by intruding his entire body into the truck bed and that he did so with intent to commit theft. The pickup truck being an automobile, it was not incumbent upon the State to prove as Appellant apparently contends, that entry must have been into the cab portion of the vehicle.

*Id.* at 924.

In the present case, Officer Hughes testified that appellant's companions reached into the bed of the pickup truck and removed the tires and flares. Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found that appellant's companions "entered" the pickup truck within the meaning of section 30.04 of the Texas Penal Code. Appellant's first point is overruled.

In his second point, appellant claims that the evidence is insufficient to show that he is guilty as a party to the offense of burglary of a vehicle. Specifically, appellant argues that the mere fact that he drove the vehicle to the scene and that he looked up and down the street while his companions committed the offense was insufficient to establish his guilt as a party under section 7.02(a)(2) of the Texas Penal Code. To obtain a conviction, the State had to prove that appellant was a party to the offense, since appellant himself did not remove any property from the pickup truck. *Alexander v. State*, 607 S.W.2d 551, 553 (Tex. Crim.App.1980).

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974). The State acknowledges that appellant's mere presence at the scene of the offense is insufficient to demonstrate criminal responsibility as a party. However, presence at the scene is a circumstance tending to prove guilt, which, combined with other facts, may suffice to show that the accused was a participant. *Beardsley v. State*, 738 S.W.2d 681, 685 (Tex.Crim.App.1987); *Emmett v. State*, 654 S.W.2d 48, 50 (Tex.App.—Dallas 1983, no pet.). To determine whether a person was acting as a party to an offense, the court may look at the events occurring before, during, and after the commission of the offense. *E.g., Medellin v. State*, 617 S.W.2d 229, 231 (Tex.Crim.App.1981); *McCraw v. State*, 690 S.W.2d 69, 71 (Tex. App.—Dallas 1985, no pet.). The evidence must show that the parties were acting together, each doing some act, to execute the common purpose. *Brooks v. State*, 580 S.W.2d 825, 831 (Tex.Crim.App.1979); *McCraw*, 690 S.W.2d at 71. Reliance may be placed on actions which show an understanding and common design to do a certain act. *Alexander*, 607 S.W.2d at 553.

The evidence adduced at trial showed that, before commission of the offense, appellant drove slowly past the pickup truck twice. During both "passes," the occupants of the vehicle studied the truck. Appellant parked the car and accompanied his companions as they approached the truck. Although appellant remained across the street during the burglary, Officer Hughes observed him looking up and down the street while his companions removed tires and flares from the bed of the truck. One serving as a "look-out" may be held responsible as a party. *E.g. Cross v. State*, 550 S.W.2d 61, 62–63 (Tex.Crim.App.1977); *Cloud v. State*, 150 Tex.Crim. 458, 202 S.W.2d 846, 847–48 (App.1947). We conclude that, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found that appellant acted as a party within section 7.02(a)(2) of the Texas Penal Code. Appellant's second point is overruled.

The judgment of the trial court is affirmed.