Jackie Wilbur HOPKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–92–00099–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 23, 1993.

Rehearing Denied Oct. 21, 1993.

Opinion Overruling Motion for Rehearing
Nov. 18, 1993.

Danny Easterling, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before ROBERTSON and CANNON, JJ., and MORSE, J., Sitting by Designation.

## OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before the court to the offense of Burglary of a Motor Vehicle. TEX.PENAL CODE ANN. § 30.04 (Vernon 1989). He was convicted and the court assessed punishment, enhanced by one prior conviction, at sixteen years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In his sole point of error, appellant asserts that the evidence adduced at trial was insufficient to prove his guilt beyond a reasonable doubt to the charge of burglary of a motor vehicle. The crux of appellant's argument hinges on his contention that there was no evidence which showed that he penetrated the interior of the vehicle or part of the vehicle. This Court agrees that a showing that appellant penetrated the interior of the vehicle is required to sustain the conviction. *See, Bonner v. State,* 640 S.W.2d 601, 603 (Tex.Crim.App.1982).

When reviewing the sufficiency of the evidence the appellate court will look at all the evidence in the light most favorable to the verdict or judgment. *Garrett v. State,* 851 S.W.2d 853, 857 (Tex.Crim.App.1993). In so doing, the appellate court is to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Ransom v. State,* 789 S.W.2d 572, 577 (Tex.Crim.App. 1989), *cert. denied,* 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990). This standard is applied to both direct and circumstantial evidence cases. *Ransom,* 789 S.W.2d at 577; *Chambers v. State,* 711 S.W.2d 240, 245 (Tex. Crim.App.1986).

The trier of fact is the sole judge of the weight and credibility of the witnesses; it can choose to believe or not believe all or any part of the testimony of the witnesses. *Williams v. State,* 692 S.W.2d 671, 676 (Tex. Crim.App.1984); *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). It is not the duty of this Court to second guess the jury. *Blankenship v. State,* 780 S.W.2d 198, 207 (Tex.Crim.App.1989) (appellate court not to sit as thirteenth juror reweighing evidence or deciding whether it believes evidence established element in contention beyond reasonable doubt). Rather, a reviewing court must position itself as a final due process safeguard, ensuring only the rationality of the fact finder. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). The fact finder's verdict must stand unless it is found to be irrational or unsupported by more than a mere modicum of the evidence. *Id.*

Appellant was not seen to enter the vehicle, a 1988 Ford F–150 pickup with a ladder rack and tool box attached to the back of the truck. The ladder rack was on top of the pickup truck bed. Appellant was observed carrying an extension ladder, which had been secured to the rack on the truck with bungee cords. Appellant contends that all he had to do was unwrap the bungee cords and slide the ladder off the truck, all without penetrating the interior of any part of the truck. Nevertheless, the truck's driver testified that appellant could not have loosened the bungee cords without placing his hand through railing and into the plane created between the dome of the ladder rack and the side of the truck. Consequently, appellant penetrated the interior of the truck. *See, Coleman v. State,* 608 S.W.2d 923 (Tex.Crim.App.1980) (entry into bed of pickup truck to remove compressor sufficient to support conviction for burglary of motor vehicle); *Smith v. State,* 781 S.W.2d 675 (Tex.App.—Dallas 1989, pet. ref'd) (reaching into bed of pickup truck to remove flares and tires constituted entry within meaning of section 30.04).

Furthermore, the truck's driver testified on cross-examination that appellant was in the act of placing the ladder on top of a black car when apprehended. Tools from a tool box in the bed of the pickup truck were discovered inside this car. Although the prosecution did not present evidence to connect appellant with this car, we believe that, in light of all the facts presented, a rational trier of fact could have concluded that appellant removed the tools from the toolbox, placed them in this car, then returned to the truck to remove the ladder. At least one appeals court has found that removal of tools from a toolbox attached to the bed of a pickup truck constituted entry into part of the vehicle as contemplated by the statute. *Soto v. State,* 782 S.W.2d 17, 19 (Tex.App.—San Antonio 1989, pet. ref'd). Therefore, entry into this toolbox was additional evidence that appellant burglarized the truck.

Appellant relies upon this Court's decision in *Love v. State,* 744 S.W.2d 247 (Tex.App.— Houston [14th Dist.] 1987, pet. ref'd). In *Love,* we held that merely removing hubcaps from a vehicle, without more, did not constitute entry within the meaning of the statute. *Id.* at 249. *Love* is inapposite in this case. Testimony clearly shows appellant penetrated the plane created by the dome of the ladder rack and the side of the truck. It is well established that there must be a "breaking of the close," e.g. the boundaries of an enclosed area, to have entry in the sense long established for burglary. *Griffin v. State,* 815 S.W.2d 576, 579 (Tex.Crim.App.1991). The ladder rack was secured to the pickup bed, thus, the area formed by the rails of the ladder rack, the side of the truck, and the bed of the truck made up an enclosed area. Unlike the facts in *Love,* appellant intruded his hand into this enclosed area to loosen the cords fastening the ladder to the rack. Consequently, he entered a part of the vehicle within the meaning of the statute.

Examining the evidence in the light most favorable to the trial court's verdict, we conclude that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Accordingly, appellant's sole point of error is overruled. We affirm the judgment.

### OPINION ON MOTION FOR REHEARING

CANNON, Justice.

Appellant takes exception to our statement that although he was not seen to enter the truck, we concluded there was sufficient evidence that appellant penetrated the interior of the truck or a part of the truck to sustain the conviction.

Circumstantial evidence is sufficient to sustain a conviction. Circumstantial evidence may be established by testimony. The trier of fact heard the testimony, weighed its credibility, and could have concluded that (1) appellant opened the tool box and took the tools, (2) placed them in the black car, (3) returned to the truck, (4) reached through the railing of the ladder rack, thus breaking the plane created by the top of the ladder rack and the pickup bed, and undid the bungee cords, (5) removed the ladder, (6) walked to the black car, and (7) started to put that ladder on the car and was caught. It was not necessary that appellant be seen burglarizing the vehicle. A rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. The evidence was sufficient to support the conviction. We overrule appellant's motion for rehearing.