Opinion issued April 21, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00094-CR

———————————

Billy detroy mitchell, Appellant

V.

the state of
texas, Appellee



 



 

On Appeal from the 179th District Court 

Harris County, Texas



Trial Court Case No. 1227227

 



MEMORANDUM OPINION

          A jury convicted appellant, Billy
Detroy Mitchell, of burglary of a motor vehicle with two prior convictions for
burglary of a motor vehicle. See Tex. Penal
Code Ann.
§ 30.04(a), (d)(2)(A) (Vernon Supp. 2010). Appellant pleaded true to two prior felony enhancements for
unauthorized use of a motor vehicle. The jury then assessed punishment at 20
years’ confinement and a $10,000 fine.  The
trial court ordered that appellant’s sentence would run consecutively after
appellant served his earlier sentence for unauthorized use of a motor
vehicle.  In points of error one and two,
appellant contends the evidence is insufficient to support his conviction.  In points of error three and four, appellant
contends that the “stacking” of his sentences constitutes cruel and unusual
punishment and violates his right to due process. We affirm.

BACKGROUND

          Celeste Jones and Sharon Hampton,
nurse managers at M.D. Anderson Hospital, were walking through the Pressler
Parking Garage at M.D. Anderson on their way to lunch when they noticed a man
on a bicycle standing next to a truck. 
Jones and Hampton noticed that there was broken glass on the ground near
the truck and that its driver’s side window was broken.  When the man on the bicycle heard the women
talking, he rode down the ramp of the parking garage toward the exit.

          Jones and Hampton went to office of
the garage to report what they had seen. 
Both described the man they had seen as wearing dark clothes and a skull
cap. Hampton believed that the man was African-American.

          After reporting the incident, the
women went back down to their car, which was parked on the same level as the
truck with the broken window.  Once
there, they met Jared Hillard, a maintenance specialist for M.D. Anderson, who
had gone down to investigate the broken truck window.  The three looked out of the garage and saw a
man matching the description given by the women riding away from the parking
garage on the street below.  Hilliard,
who was in contact with the University of Texas Police Department dispatcher,
reported that he was “watching a[n] individual leave the premises that matched
the description of someone that [had been] breaking into a vehicle and directed
[UT Police to] the location.”

          Officer Riner, of UT Police, was less
than a minute away from the Pressler garage when he received a dispatch that an
“individual was leaving the Pressler Garage and he was going southbound on
Bertner and then going behind the hotel, which is directly behind the
garage.”  Riner went to the location
where the suspect had last been seen.  As
he turned the corner, “there was a black male on a bicycle with a black shirt .
. . black shorts and a black nylon ski cap or black nylon hat.”  Because the person matched the description he
had been given in the dispatch, Riner decided to follow him.

          Riner saw the man stop and go into a
convenience store which was located two blocks away from the Pressler
garage.  While the man was in the store,
Riner looked at his bicycle and saw that a screwdriver and pliers were tied to
it.  When the man—appellant—came out of
the store, Riner detained him.  Riner
told appellant that he was being detained because he fit the description of a
person suspected of burglarizing a motor vehicle in the Pressler garage.
Appellant said that he had just been “cutting through” the garage.  Riner noticed that appellant had small glass
cuts on his hands and glass shards in his hair. Appellant was arrested and
charged with burglarizing the truck in the Pressler garage, which was owned by
Ricardo Menendez, an M.D. Anderson employee.

SUFFICIENCY OF THE EVIDENCE

          In points of error one and two,
appellant contends the evidence is legally and factually insufficient to
support his conviction.

Standard of Review

This
Court reviews legal and factual sufficiency challenges using the same standard
of review. Ervin
v. State, 331 S.W.3d 49, 53–55 (Tex. App.—Houston [1st Dist.]
2010, pet. ref’d) (construing majority holding of Brooks v. State, 323 S.W.3d 893, 912, 926 (Tex. Crim. App. 2010)).
Under this standard, evidence is insufficient to support a conviction if, considering
all the record evidence in the light most favorable to the verdict, no rational
factfinder could have found that each essential element of the charged offense
was proven beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); In re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).
Viewed in the light most favorable to the verdict, the evidence is insufficient
under this standard in two circumstances: (1) the record contains no evidence,
or merely a “modicum” of evidence, probative of an element of the offense; or
(2) the evidence conclusively establishes a reasonable doubt. See Jackson, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct.
at 2786, 2789 & n.11; Laster, 275 S.W.3d at 518; Williams, 235 S.W.3d at 750. Additionally, the evidence is
insufficient as a matter of law if the acts alleged do not constitute the
criminal offense charged. Williams, 235 S.W.3d at 750.

Law Pertaining to Burglary of a Motor
Vehicle

          A
person commits burglary of a motor vehicle if, without the effective consent of
the owner, he breaks into or enters a vehicle or any part of a vehicle with
intent to commit any felony or theft. Tex. Penal Code Ann. § 30.04(a) (Vernon 2003). 

Analysis

          Appellant contends the evidence is
insufficient to show that he (1) entered the vehicle, or (2) intended to commit
theft.  We address each argument
respectively.

 

 

          Entry

          “Enter” means to intrude any part of the body or
any physical object connected with the body. Id. § 30.04(b)(1)–(2).  Any showing that the defendant penetrated the
interior of the vehicle is sufficient to show the entry required for a
burglarly conviction. Hopkins v. State,
864 S.W.2d 119, 120–21 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d).  Proof of entry may be shown by circumstantial evidence. Clark
v. State, 543 S.W.2d 125, 127 (Tex. Crim. App. 1976); Phillips v. State, 178 S.W.3d 78, 81 (Tex. App.—Houston [1st Dist.]
2005, pet. ref’d).

In this case, two witnesses saw a man matching appellant’s
description standing near the broken window of the truck. A large screwdriver
and pliers were recovered from appellant’s bicycle, and both tools were admitted
into evidence. Officer Riner testified that such tools were often used to gain
illegal entry to vehicles. When appellant was arrested, he had cuts on his
hands and shards of glass in his hair.  Officer
Riner testified about the glass and cuts as follows:

[Prosecutor]:  You said you
observed glass cuts on [appellant]. Where is it you observed these cuts?

 

[Riner]: On his hand in the
finger area next to the cuticle.

 

[Prosecutor]:  How do you know they were glass cuts?

 

[Riner]:  Because they were—the
size of the cuts and everything, it looks like when glass of a car breaks, it
doesn’t break in shards.  It breaks in
little square pieces, in the safety glass. 
And that’s what it looked like, like something he nicked off when he hit
it.

 

[Prosecutor]:  Did you observe anything else on this person?

 

[Riner]:  Little shards of glass in his hair.

 

[Prosecutor]: What did this
indicate to you?

 

[Riner]: that he had broken glass on a vehicle and it had gotten
in his hair.

 

[Prosecutor]:  Based on your
training and experience did you reach a conclusion as to whether or not he had
been inside of that vehicle?

 

[Riner]: Yes, sir, I did.

 

. . . . 

 

[Prosecutor]:  What was that conclusion?

 

[Riner]: With the tools and glass on his hair, plus the cuts on
his hands, I could tell he had just broken into a vehicle.

 

. . . .

 

[Prosecutor]:  Again, those
shards of glass, were they large chucks of glass?

 

[Riner]: No, very small.
Small.

 

[Prosecutor]: what did that
indicate to you?

 

[Riner]: Like he had—it was either when he hit the window itself
or when he was looking underneath the seat, it rubbed off on his head.

 

From this evidence, a rational jury could have concluded that
appellant’s hand, which appeared to have been cut by small shards of glass, or
one of the tools recovered from appellant’s bicycle penetrated the interior of
the truck when the window was broken. 
The fact that appellant had small shards of glass in his hair is also
evidence from which a rational jury could conclude that appellant’s head
penetrated through the window after it was broken.  

          Intent to commit theft

          Appellant also argues that there is insufficient evidence to show
that he had any intent to commit a theft. 
Appellant points out that “[n]othing was recovered from Appellant’s
person that belongs to the vehicle.”

Intent to commit theft may be inferred from the
circumstances. Moreno v. State, 702 S.W.2d 636, 641 (Tex. Crim. App. 1986),
disapproved on other grounds by Hall v. State, 225 S.W.3d 524 (Tex. Crim.
App. 2007); Simmons v. State, 590 S.W.2d 137, 138 (Tex. Crim. App. 1979);
Coleman v. State, 832 S.W.2d 409, 413 (Tex. App.—Houston [1st Dist.]
1992, pet. ref’d) (specific intent to burglarize motor vehicle can be inferred
from circumstances). The jury is exclusively empowered to determine the issue
of intent, and the events of a burglary may imply the intent with which the
burglar entered. Moreno, 702 S.W.2d at 641; Joseph v. State, 679
S.W.2d 728, 730 (Tex. App.—Houston [1st Dist.] 1984, no pet.). Furthermore,
property need not be taken for proof of intent to commit theft to be
sufficient. See Ortega v. State, 626 S.W.2d 746, 749 (Tex. Crim. App. 1981).
The element required by Section 30.04 of the Texas Penal Code is intent; “[t]he
State is not required to prove any actual taking.” Jones v. State, 482
S.W.2d 634, 636 (Tex. Crim. App. 1972); Thomas v. State, 919 S.W.2d 810,
814 (Tex. App.—Houston [14th Dist.] 1996, pet. ref’d).

Even though nothing was
taken from Menendez’s truck, the jury nonetheless could have reasonably
concluded that appellant possessed the requisite intent to commit theft.  Two witnesses saw a man matching appellant’s
description standing near the truck with the broken glass.  The man rode away when he heard the two women
approaching.  Minutes later, the women
and an MD Anderson employee saw a man matching the description of the man the
women had seen earlier riding away from the garage on a bicycle.  UT Police caught up with the man on the
bicycle and followed him to a nearby store. 
The man on the bicycle—appellant—admitted that he had been riding his bicycle through the Pressler
garage, where the burglary occurred. 
Appellant had tools that could be used to break into a car tied to his
bicycle, glass shards in his hair, and small glass cuts on his hands.  

Considering
all the record evidence in the light most favorable to the verdict, a rational jury
could have found that each essential element of the charged offense was proven
beyond a reasonable doubt. See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.

We
overrule points of error one and two.

 

STACKING ORDER

          In points of error three and four, appellant contends the trial court’s order stacking his
punishments was an abuse of discretion because (1) it constitutes a prohibited
cruel and unusual punishment under the United States and Texas Constitutions
and (2) it violates his right to due process under Fifth and Fourteenth
Amendments of the United States Constitution. 
We address each argument respectively.

Cruel and Unusual Punishment

In
point of error three, appellant argues that the trial court’s stacking order
constitutes cruel and unusual punishment under the Eighth Amendment of the United
States Constitution and Article I, section 13 of the Texas Constitution.  However, he did not object and make this
argument at trial. Consequently, he has not preserved this complaint for
appeal.  See Tex. R. App. P. 33.1; Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding cruel and unusual punishment argument under Texas constitution
waived when appellant failed to object at trial); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding cruel and unusual punishment argument under United States
Constitution waived when appellant never objected on those grounds at trial);
Solis v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d) (holding constitutional
right to be free from cruel and unusual punishment may be waived).

We
overrule point of error three.

Due Process

In
point of error four, appellant argues that the trial court’s stacking order
violates his right to due process under the Fifth and Fourteenth Amendments.   However, appellant did not make this argument
at trial.  By failing to raise his
complaint in the trial court, appellant has waived the issue for appeal. See Tex. R. App. P. 33.1(a)(1); Moore v. Illinois, 408 U.S. 786, 799, 92 S. Ct. 2562, 2570 (1972) (holding due process argument waived by failing to raise it in trial
court); Flores v. State, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008) (citing Curry v. State, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (as
applied due process challenge not preserved for appeal absent specific, timely
trial objection)).

Accordingly,
we overrule appellant’s fourth point of error.

 

 

 

 

 

CONCLUSION

          We affirm the judgment of the trial
court.

 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

Do
not publish.  Tex. R. App. P. 42(b).