THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DELBERT REINER, Defendant-Appellant.

Third District   No. 3—93—0086

Opinion filed November 12, 1993.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and J. Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Following a jury trial, defendant Delbert Reiner was convicted of aggravated battery (Ill. Rev. Stat. 1991, ch. 38, par. 12—4(a)) and sentenced to an extended prison sentence of eight years. On appeal, defendant contends that the trial court erred in sentencing him to an extended term of imprisonment. We agree and therefore reduce his sentence pursuant to Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)).

On the evening of August 29, 1992, Quentin Swadinski, his girl-friend Peggy, and her son Josh were at a bar in Peoria. Defendant was also at the bar that evening. Defendant threatened and argued with Peggy, got into a fight with another patron, and was eventually asked to leave. Shortly thereafter, Peggy decided to leave the bar to take Josh to a baby-sitter's house nearby. Quentin noticed defendant following them, so he followed the defendant from the bar and down a street. When Peggy and Josh reached the baby-sitter's house, Quentin and defendant had a conversation. Quentin then turned to go back to the bar. While Quentin's back was turned, defendant struck him on the right side of the face, apparently with his bare fist. Defendant fled the scene and Quentin sat down on the curb where Peggy found him on her return trip to the bar. He was later taken to the hospital.

Quentin suffered severe trauma to the right side of his face. His nose was badly broken and nearly all of the supporting bones of his right eye were fractured. The retina in his right eye was completely detached, causing permanent blindness in that eye.

The jury found defendant guilty of aggravated battery, a Class 3 felony carrying a prison sentence of two to five years (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(6)). The trial court sentenced defendant to an extended-term sentence of eight years in prison, finding that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty.

On appeal, defendant contends that the trial court erred in imposing an extended sentence of eight years. He argues that the aggravated battery was not so brutal or heinous as to warrant the imposition of an extended term of imprisonment.

Section 5—5—3.2(b)(2) of the Unified Code of Corrections provides that a trial court may impose an extended-term sentence when a

defendant is convicted of any felony and the court finds that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(b)(2)). Conduct is "heinous" if it is hatefully or shockingly evil, grossly bad, or enormously and flagrantly criminal. "Brutal" means conduct which is grossly ruthless, devoid of mercy or compassion, or cruel and cold-blooded. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 501, 431 N.E.2d 344, 353.) The statute clearly states that the heinousness or brutality must be "exceptional" to warrant an extended term. (*People v. Nester* (1984), 123 Ill. App. 3d 501, 504, 462 N.E.2d 1011, 1014.) While a trial court's decision regarding sentencing should not be reversed absent an abuse of discretion (*People v. Benkowski* (1991), 215 Ill. App. 3d 615, 620, 575 N.E.2d 587, 590), our supreme court has held that extended-term sentencing was not intended to enhance the punishment for every offense. *People v. Evans* (1981), 87 Ill. 2d 77, 88-89, 429 N.E.2d 520, 525.

The State argues that the trial court properly found defendant eligible for an extended-term sentence, characterizing the instant offense as "callous," "cowardly," and "unprovoked." While we have no quarrel with these characterizations, they are not, in and of themselves, a sufficient basis for the imposition of an extended term. The State also relies upon the degree of injury inflicted upon the victim. We again agree with the State that the victim suffered severe and permanent injuries as a result of the defendant's attack. However, the infliction of "great bodily harm or permanent disability or disfigurement" was a requisite element of the aggravated battery offense (Ill. Rev. Stat. 1991, ch. 38, par. 12—4(a)). Courts have repeatedly held that it is improper for a trial court to rely on factors constituting elements of the offense to show brutal or heinous behavior. (See *People v. Green* (1988), 177 Ill. App. 3d 492, 532 N.E.2d 442; *People v. Olesch* (1986), 143 Ill. App. 3d 577, 492 N.E.2d 1381.) Moreover, the severity of the victim's injuries is but one factor to consider in our analysis of defendant's conduct.

We are of the opinion that, under the circumstances of this case, defendant's conduct was not exceptionally brutal or heinous indicative of wanton cruelty. The evidence established that defendant and the victim had a discussion or argument and that when the victim turned his back, defendant struck him once on the side of the face. In light of the severity of the injuries inflicted, the attack could arguably be characterized as brutal. We find, however, that it was not *exceptionally* so as required by the statute. Nor was this offense, "shockingly evil" or "enormously criminal." To hold otherwise would be to ignore

our supreme court's caveat that extended-term sentencing was not intended to enhance the punishment for every offense.

We therefore find that the trial court abused its discretion in imposing an extended-term sentence. Accordingly, pursuant to the authority granted by Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), we reduce the defendant's sentence for aggravated battery to five years in prison, the maximum nonextended sentence allowable for a Class 3 felony (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(6)). We order issuance of an amended mittimus consistent with the modified sentence.

Sentence modified.

McCUSKEY, P.J., and LYTTON, J., concur.