THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NAMON TAYLOR, Defendant-Appellant.

Second District    No. 2—94—0867

Opinion filed April 10, 1996.

RATHJE, J., dissenting.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael P. Bald, State's Attorney, of Freeport (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

Defendant, Namon Taylor, appeals from an order of the circuit court of Stephenson County denying his motion for reconsideration of the sentence imposed upon him for the offense of aggravated battery. The sole issue raised on appeal is whether the trial court erred in imposing an extended-term sentence on defendant on the basis that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty.

Defendant was originally charged with two counts of aggravated battery and one count of unlawful use of weapons. Following plea negotiations, defendant pleaded guilty to one count of aggravated battery based upon great bodily harm to the victim, and the other charges were dismissed. There was no agreement as to the sentence to be imposed. However, the State recommended a sentence of four years. The trial court advised the defendant that the State's recommendation was not binding on the court.

The parties stipulated to the following factual basis for the guilty plea. Defendant and the victim, David Aeling, had an argument in a bar. Defendant displayed a utility knife, exposed the blade, and pointed it at the victim. A bystander knocked the knife out of the defendant's hand, and the knife was thrown outside the bar. Defendant and the victim went outside, where their disagreement continued. However, they then apparently made up their differences and gave each other a hug. A witness observed that, as the men hugged, defendant held something in his right hand which he appeared to be concealing behind his right leg. As they broke apart, defendant took a backhanded swing at the victim with a different knife, cutting the victim's neck and throat. A police officer recovered two orange utility knives at the scene. The victim required 30 stitches to close the wound. A photograph of the victim, prior to his receiving treatment, was shown to the court without objection by the defendant.

At the sentencing hearing, the trial court advised the defendant that he could be eligible for an extended-term sentence. Defendant addressed the court. Although he denied causing the injury to the victim, he persisted in his plea of guilty.

In imposing the extended-term sentence, the trial court noted how the wound was inflicted and that the victim's wound required 30 stitches to close. It further considered defendant's prior criminal record but noted that, while the record was extensive, it did not on its face indicate that the defendant had committed crimes involving violence. The trial court also noted that defendant exhibited a lack of concern for the victim in using a "box" knife to commit the offense, remarking that it was "amazed, looking at the photograph, that it didn't end up with a deceased victim."

Finding that defendant's acts were "an example of a brutal and heinous crime," the trial court sentenced defendant to an extended term of eight years' imprisonment. Defendant's motion for reconsideration was denied. This appeal followed.

■ The court uses an abuse of discretion standard to determine whether the trial court properly found defendant eligible for an extended-term sentence. *People v. Andrews*, 132 Ill. 2d 451, 464 (1989). While a trial court's decision regarding sentencing should not be reversed absent an abuse of discretion, our supreme court has held that extended-term sentencing was not intended to enhance the punishment for every offense. *People v. Reiner*, 251 Ill. App. 3d 1065, 1067 (1993).

Section 5—5—3.2(b)(2) of the Unified Code of Corrections provides that a trial court may impose an extended-term sentence when a de-

fendant is convicted of any felony and the court finds that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. 730 ILCS 5/5—5—3.2(b)(2) (West 1992). Our supreme court has defined "heinous" as " ' "hatefully or shockingly evil: grossly bad: enormously and flagrantly criminal," ' " and defined "brutal" as " ' "grossly ruthless," ' ' "devoid of mercy or compassion: cruel and cold-blooded." ' " *Andrews*, 132 Ill. 2d at 465, quoting *People v. La Pointe*, 88 Ill. 2d 482, 501 (1981), quoting Webster's Third New International Dictionary 1050, 286 (1986).

In determining whether an offense was accompanied by "exceptionally brutal or heinous behavior," courts have considered the following factors: evidence of premeditation; defendant's behavior at the time of the offense; defendant's expression of remorse for his conduct; and defendant's prior criminal history. *Andrews*, 132 Ill. 2d at 466; *People v. Mangum*, 260 Ill. App. 3d 631, 640-41 (1994).

■ In determining whether the trial court, in the present case, abused its discretion in finding the offense to have been accompanied by exceptionally brutal or heinous behavior, we find particularly significant defendant's behavior at the time of the offense. In reaching its conclusion, after noting the menacing nature of the weapon used and the severity and location of the wound, the trial court commented as follows: "I would come to the conclusion that that is not merely a battery upon a person. It's not merely a stabbing, even. These things can take different forms. *One use of a knife is not the same as another.* As far as I am concerned, that is an example of a brutal and heinous crime, and I think that the extended term is in order." (Emphasis added.)

We agree. The sentencing judge correctly acknowledged that every serious wounding with a knife, even though perhaps brutal and heinous, may not be exceptionally so. See *People v. Lindsay*, 247 Ill. App. 3d 518, 531 (1993). Here, however, the facts support a conclusion that defendant's actions were uniquely vicious. There was evidence that defendant lulled the victim into a false sense of security by a conciliatory embrace, all the while planning to inflict a potentially mortal wound with a utility knife which defendant concealed during the embrace. In our view, this places the wounding in the category of shockingly evil, flagrantly criminal, or cruel and cold-blooded conduct which may be considered to be exceptionally brutal or heinous behavior indicative of wanton cruelty.

Defendant argues that his conduct does not fit the above definition considering that he inflicted only a single knife wound in the aftermath of a heated argument. However, this court has held that a single act which causes death or injury may be sufficient to demon-

strate wanton cruelty. *People v. McGee*, 121 Ill. App. 3d 1086, 1090-91 (1984). Also, it is evident that the wound was not inflicted during the course of a struggle but, rather, during a time when defendant was in no personal danger and had no justification whatsoever for the use of deadly force. See *People v. Nester*, 123 Ill. App. 3d 501, 505 (1984). Although it cannot be said that defendant's conduct was the result of extended premeditation, it does demonstrate a deliberate, cold-blooded attack on an unsuspecting victim who was led by defendant to believe that the argument had ended. See *Nester*, 123 Ill. App. 3d at 505.

A defendant's subsequent demonstration of remorse for his conduct or the lack of a penitent spirit is an important factor in determining whether his conduct is indicative of wanton cruelty. See *La Pointe*, 88 Ill. 2d at 501. Here, as in *Nester*, no evidence is found in the record that defendant at any time exhibited sorrow or remorse for his actions. See *Nester*, 123 Ill. App. 3d at 506.

Defendant cites for comparison several cases in which reviewing courts have found the evidence insufficient to establish wanton cruelty. However, considering their facts, we do not find those decisions to be controlling here. In particular, defendant relies on *People v. Reiner*, 251 Ill. App. 3d 1065 (1993), a case where an eight-year extended term for aggravated battery was held to be improper. In *Reiner*, the defendant and the victim had a discussion or argument, and, when the victim turned his back, the defendant struck him once with a bare fist on the side of the face, causing severe injuries including a broken nose and fractures of supporting bones of the victim's right eye. The victim was permanently blinded in that eye. The appellate court found that, since the defendant was convicted of the great bodily harm form of aggravated battery, the infliction of great bodily harm, a requisite element of the offense, could not itself provide a basis for a finding of exceptional brutality. The court went on to conclude that the other facts did not support a finding of exceptional brutality. 251 Ill. App. 3d at 1067.

Comparing the facts of *Reiner* to those of the present case, where defendant was also convicted of causing great bodily harm, we see a significant difference between an act of a single punch to the head and the act of deliberately slashing a victim's throat with a utility knife. The former act might not always be expected to result in permanent injury while the latter act must necessarily be viewed as potentially fatal. It is evident from the trial court's comments, quoted above, that it did not base its finding upon the fact that the defendant caused great bodily harm as apparently the judge did in *Reiner*.

Defendant argues that, because defendant's record of prior convic-

tions does not demonstrate a history of serious violence, this fact militates against the court's defining defendant's conduct as exceptionally brutal or heinous. We disagree that the fact of a nonviolent background would, under the facts of this case, preclude a finding of exceptionally brutal conduct based on the circumstances of how the defendant committed the crime. Nor does the fact that the trial court omitted the word "exceptional" from its finding require reversal where, as here, it is evident that the court intended to extend the term under section 5—5—3.2(b)(2), and the facts support that determination.

The fact that a defendant is *eligible* to be sentenced to an extended term does not, of course, require that result. The trial court must still exercise its discretion in deciding whether to utilize the extended-sentencing range. *People v. Frey*, 126 Ill. App. 3d 484, 487 (1984); 730 ILCS 5/5—5—3.2(b) (West 1992). In the present case, the defendant had an extensive history of prior offenses, including a felony (resulting in a three-year sentence), batteries, and weapons charges. Considering defendant's background of criminality together with the nature of the offense in question, we cannot conclude that the trial court abused its discretion in imposing an extended-term sentence of eight years.

In view of our resolution of the foregoing issue, it is unnecessary to address the question of whether the record is sufficiently clear to support the imposition of an extended-term sentence under section 5—5—3.2(b)(1), based upon defendant's prior conviction of burglary.

The judgment of the circuit court is affirmed.

Affirmed.

BOWMAN, J., concurs.

JUSTICE RATHJE, dissenting:
I respectfully dissent from the decision reached by the majority in this case that the defendant is eligible for an extended-term sentence based on his commission of the offense in this case.

I have no quarrel with either the majority's statement of the facts of this case or the statement of the law applicable to the imposition of extended-term sentences. However, I disagree with the majority's application of the law to the facts in the cause before this court.

The majority sets forth a number of factors courts have considered in determining whether an offense was accompanied by exceptionally brutal or heinous behavior, namely, evidence of premeditation;

defendant's behavior at the time of the offense; defendant's expression of remorse for his conduct; and defendant's prior criminal history. *People v. Andrews*, 132 Ill. 2d 451, 466 (1989); *People v. Mangum*, 260 Ill. App. 3d 631, 640-41 (1994).

The majority finds that the defendant's conduct here was exceptionally brutal or heinous based upon the following: (1) defendant's lack of remorse; and (2) the defendant lulled the victim into a false sense of security while planning to inflict a mortal wound with a utility knife, which defendant concealed. The majority ignores one factor and assumes another.

In this case, the trial court noted that, while extensive, defendant's prior record, on its face, did not reveal any crimes of violence. See *Andrews*, 132 Ill. 2d at 466. The offense in this case came as a result of a quarrel between the victim and the defendant. Contrary to the majority's view, there was no evidence of premeditation. That the defendant did not express remorse is explained by his denial of committing the offense, although he persisted in his plea of guilty due to the evidence against him.

In considering defendant's conduct at the time of offense, unlike the majority, I find the case of *People v. Reiner*, 251 Ill. App. 3d 1065 (1993), to be instructive. In that case, Reiner argued with a woman at a bar, got into a fight with another patron of the bar, and was asked to leave. The woman, accompanied by the victim, left the bar to take her son to the baby-sitter's home and was followed by Reiner. When they arrived at their destination, the victim and Reiner had a conversation. The victim turned to return to the bar. While the victim's back was turned, Reiner struck him on the right side of his face, apparently with his bare fist. The victim suffered trauma to the right side of his face; his nose was badly broken; and he was rendered completely blind in his right eye. Reiner was found guilty of aggravated battery and received an extended-term sentence of eight years' imprisonment based upon the trial court's finding that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. *Reiner*, 251 Ill. App. 3d at 1066.

The reviewing court reversed Reiner's extended-term sentence. The court found that, while the defendant's act was callous, cowardly, and unprovoked, these characterizations of the defendant's conduct were not a sufficient basis upon which to impose an extended-term sentence. Nor was the fact that the victim suffered grievous injuries since "the infliction of 'great bodily harm or permanent disability or disfigurement' was a requisite element of the aggravated battery offense [citation]. Courts have repeatedly held that it is improper for a trial court to rely on factors constituting elements of the offense to

show brutal or heinous behavior. [Citations.]" *Reiner*, 251 Ill. App. 3d at 1067. Finally, the court determined that, while Reiner's conduct could be characterized as brutal, it was not "exceptionally" brutal as required by the statute. 251 Ill. App. 3d at 1067.

I disagree with the majority's statement that the trial court in this cause did not base its finding upon the fact that defendant caused great bodily harm, particularly in light of the trial court's remark that it was "amazed, looking at the photograph [of the victim's slashed throat], that it didn't end up with a deceased victim." Moreover, in evaluating the brutality or heinousness of a defendant's conduct, the court must evaluate all of the facts surrounding the incident in question. *People v. Nester*, 123 Ill. App. 3d 501, 504-05 (1984).

Here, there is no evidence that the victim suffered any permanent injury, unlike the victim in *Reiner*. While the defendant's attack on the victim just moments after a gesture of reconciliation could well be described as callous, cowardly, and even unprovoked, such similar conduct in *Reiner*, coupled with injuries far more severe than those in evidence in the record in this cause, was found not to merit an extended-term sentence.

I note that the trial court in this case did not make a finding that defendant's act was accompanied by "*exceptionally* brutal or heinous behavior" as required by the statute. (Emphasis added.) See 730 ILCS 5/5—5—3.2(b)(2) (West 1992). Rather, the trial court found that defendant's act was an example of a "brutal and heinous crime." The majority concludes that the failure of the trial court to make the finding of "exceptionally" brutal or heinous behavior does not require reversal in this case since it is evident that the trial court intended to impose an extended-term sentence, and the facts support that determination. I disagree.

As in *Reiner*, the defendant's act in this cause was brutal; however, under the circumstances of this cause, defendant's conduct was not "exceptionally" brutal or heinous indicative of wanton cruelty. The majority's efforts to find an "exceptionally brutal or heinous" act, where the trial court did not make such a finding and could not based upon the record before it, fly in the face of the supreme court's admonition that extended-term sentencing was not intended to enhance the punishment for every offense. *Reiner*, 251 Ill. App. 3d at 1067-68; *Andrews*, 132 Ill. 2d at 466.

I would affirm defendant's conviction of aggravated battery but reverse his sentence. I would remand this cause for a determination of whether defendant is eligible for an extended-term sentence under the provisions of section 5—5—3.2(b)(1) of the Unified Code of Corrections. 730 ILCS 5/5—5—3.2(b)(1) (West 1992).