**Preston James GRANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–82–187–CR(T).**

Court of Appeals of Texas,
Austin.

March 9, 1983.

Stephen E. Blythe, Temple (court-appointed), for appellant.

Arthur C. Eads, Dist. Atty., Steven C. Copenhaver, Asst. Dist. Atty., Belton, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

Appellant was indicted for the offense of burglary of a motor vehicle with intent to commit theft, a third degree felony. The indictment also alleged two prior felony convictions for enhancement of punishment. In a jury trial, appellant was convicted of the primary offense. He elected for the court to assess punishment and pleaded "not true" to the alleged prior convictions. Evidence on punishment was heard by the court. The court found the prior felony allegations to be true and, pursuant to Tex. Pen.Code Ann. § 12.42(d) (1974), assessed punishment at confinement in the Texas Department of Corrections for life.

Appellant raises three grounds of error. He contends that the trial court erred (1) in denying his motion for instructed verdict, (2) in refusing his requested charge on circumstantial evidence, and (3) in overruling his objection to the charge for failure to include instructions on the lesser included offense of attempted burglary of a motor vehicle.

We note that appellant's brief was not timely filed with the trial court as was required by Tex.Code Cr.P.Ann. art. 40.09 § 9, in effect at the time of appellant's trial. His brief would not have to be considered by this Court. *Coleman v. State,* 530 S.W.2d 823 (Tex.Cr.App.1975); however, pursuant to Tex.Code Cr.P.Ann. art. 44.23 (Supp.1983), we will consider appellant's grounds of error.

First, appellant contends that the trial court should have granted his motion for instructed verdict. He asserts that, "[t]here was no evidence beyond a reasonable doubt that appellant did in fact break and enter into a motor vehicle with intent to commit the offense of theft or any felony." To resolve this contention, there need be no lengthy discussion of the evidence.

The Temple police officers saw the appellant drive onto a downtown parking lot, get out of his automobile, enter the motor vehicle in question, and close the door of that vehicle. One of the officers saw appellant open the rear door of the vehicle, reach inside, unlock the front door, and sit down behind the steering wheel. Appellant then closed the front door and disappeared from view within the automobile. Accompanied by two other officers, the officer who had viewed appellant's activities, walked over to this vehicle, looked through the driver's window, and saw appellant rise from where he had been lying across the front seat. Appellant had a CB radio in his hand. The wires on the back of the radio had been cut, and the antenna had been unscrewed. A knife was found in appellant's shirt pocket. The owner of the vehicle (and the radio) testified that he did not give appellant per-

mission to enter the vehicle or to take his CB radio. Appellant did not testify or offer any evidence.

Texas Pen.Code Ann. § 30.04 (1974) provides:

(a) A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.

(b) For purposes of this section, "enter" means to intrude:

(1) any part of the body; or

(2) any physical object connected with the body.

■ Thus, the elements of burglary of a motor vehicle are: a person; who, without the consent of the owner; breaks into or enters any part of a vehicle; with intent to commit any felony or theft. *Washington v. State,* 603 S.W.2d 859 (Tex.Cr.App.1980).

■ Evidence that a defendant entered a vehicle with intent to commit theft is sufficient for a conviction. It is well established that specific intent to commit theft may be inferred from the circumstances. *Simmons v. State,* 590 S.W.2d 137 (Tex.Cr.App.1979); *Williams v. State,* 537 S.W.2d 936 (Tex.Cr.App.1976); *Martinez v. State,* 469 S.W.2d 185 (Tex.Cr.App.1971); *Ewing v. State,* 400 S.W.2d 911 (Tex.Cr.App.1966). Clearly, the appellant was caught in the act of burglary with intent to commit theft. His first ground of error is overruled.

■ Second, appellant argues that the court should have given his requested charge on circumstantial evidence. The thrust of his argument is that there is no evidence as to what he intended to do after entering the vehicle. That appellant did in fact enter the vehicle was proved by eyewitnesses. When the officer looked into the automobile, he saw appellant in the act of removing the CB radio, which he had severed from the vehicle. Instructions on the law of circumstantial evidence are not required where the main fact is proved by direct testimony and where the defendant's intent is to be inferred from the circumstances. *Williams v. State,* 567 S.W.2d 507 (Tex.Cr.App.1978); *Green v. State,* 533 S.W.2d 769 (Tex.Cr.App.1976); *Davis v. State,* 516 S.W.2d 157 (Tex.Cr.App.1974); *Hunt v. State,* 625 S.W.2d 405 (Tex.App. 1981, pet. ref'd). It consistently has been held that where the facts are in such close juxtaposition with each other, as in the instant case, a charge on circumstantial evidence need not be given. *Cooper v. State,* 509 S.W.2d 865 (Tex.Cr.App.1974); *Turner v. State,* 462 S.W.2d 9 (Tex.Cr.App.1969); *De La O v. State,* 373 S.W.2d 501 (Tex.Cr. App.1963). The trial court did not err in refusing to charge on circumstantial evidence.

■ We now turn to appellant's third ground of error, that the court erred in overruling his objection to the charge for its failure to contain instructions on the claimed lesser included offense of attempted burglary of a motor vehicle. This ground of error is without merit. Before a charge is required on a lesser included offense, there must be evidence from some source that a defendant, if guilty, is guilty only of the lesser included offense. If the defendant presents evidence from any source that he committed no offense at all, or if he presents no evidence, and there is no evidence otherwise raising the issue, a charge on the lesser offense is not required. *Eldred v. State,* 578 S.W.2d 721 (Tex.Cr. App.1979); *Williams v. State,* 575 S.W.2d 30 (Tex.Cr.App.1979); *Hall v. State,* 630 S.W.2d 709 (Tex.App.1981, pet. ref'd); *Sample v. State,* 629 S.W.2d 86 (Tex.App.1981, no pet.). The State's evidence showed all the elements of burglary of a motor vehicle. Appellant did not testify nor present any evidence. There is no evidence raising any lesser included offense. We overrule ground of error three.

We note that neither the judgment nor the sentence contains findings that appellant is the same person previously convicted of the two felonies alleged in the indictment. The statement of facts and the docket sheet show that the judge did in fact make the appropriate findings, and the record sufficiently shows that the allegations were found to be true. The judgment and

sentence are here reformed to reflect that appellant has been previously convicted of the two felonies alleged in the indictment. *Rumph v. State,* 548 S.W.2d 895 (Tex.Cr. App.1977); *Cadena v. State,* 504 S.W.2d 910 (Tex.Cr.App.1974).

As reformed, the judgment is affirmed.