Harvey **ALFORD**, Jr., Appellant,

v.

**STATE of Texas,** Appellee.

No. 13–84–067–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1984.

Ronald Hayes, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before NYE, C.J., and GONZALEZ and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an Order Revoking Probation. Appellant challenges the sufficiency of the evidence to support the revocation of probation. We affirm.

Appellant was convicted on August 5, 1983 in the District Court of Harris County, Texas, upon his plea of guilty to the felony offense of theft. Punishment was assessed at two years' confinement in the Texas Department of Corrections; probated for a period of two years and a $500.00 fine. On September 2, 1983, the State filed a motion to revoke probation alleging that appellant had violated a condition of probation, namely, that he "commit no offense against the laws of this State or of any other State or of the United States."

On October 25, 1983, the appellant entered a plea of "not true" to the Motion to Revoke Probation and requested a hearing on this motion. On December 20, 1983, after hearing testimony, the trial court found the appellant guilty of violating a condition of his probation by committing the offense of burglary of a motor vehicle.[1] The trial court ordered that appellant's probation be revoked and reassessed the punishment to two years' confinement in the Texas Department of Corrections. It is from this revocation of probation that this appeal is taken.

In his sole ground of error, appellant contends that the evidence presented at the probation revocation hearing was insufficient to support a finding that he violated the condition as alleged. We disagree.

At the revocation hearing, the complainant, Carlos Martin Gutierrez, testified that on August 31, 1983, his pickup truck was

---

1. Burglary of vehicles is defined in TEX.PENAL CODE ANN. § 30.04 (Vernon 1974):
 "(a) A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft."

parked in a lot on the University of Houston campus. Gutierrez testified that, when he returned to his truck, he discovered that it would not start because the battery was gone. Later, he retrieved his battery from the police station. Gutierrez testified that he had the greater right to possession of the vehicle, and that he did not give anyone consent of any kind to enter any part of his truck.

Officer Moses of the University of Houston Police Department testified that he was familiar with the complainant and his truck. He stated that, on the date in question, his suspicions were aroused in the normal course of duty when he saw the appellant standing at the truck. Officer Moses testified that he noticed appellant with "his hands up under—the hood was up and he had his hands up under the hood." Officer Moses further testified:

A. I went toward him, and when he spotted me he started walking off. And when I turned around and I went toward him, he stopped and then started coming toward me and—

Q. Excuse me, sir. What, if anything, did he do to the hood of the car prior to walking away?

A. He let it down. He put it down.

Q. He closed it?

A. Yes, ma'am.

Q. What, if anything else, did you see in or near the vehicle?

A. I saw a battery on the ground in front of the truck, with a white towel over it.

Officers Williams and Gonzalez testified that they responded individually to a call from the parking lot. They both testified that, when they arrived on the scene, they observed the appellant standing next to the truck in question with the battery from that vehicle on the ground. Their only other connection to the case was advising appellant of his rights; taking him into custody; and taking the battery to the University Police Station.

Appellant testified on his own behalf and gave the following explanation of the incident:

A. I was coming across Cullen and proceeded on the side of the stadium. And I observed up ahead of me maybe about 45, 50 yards a truck with the hood up, and someone was at the truck. And as I got closer I noticed there that it was a—I didn't know it was a battery at the time. It was something white. So I felt someone was having automobile trouble, and I stopped at that time and investigated, and that's when I—

Q. What did this person look like that was at the truck?

A. I didn't—I didn't get a full view of him because I didn't think nothing of it at the time.

Appellant further testified that he approached the truck and looked around for someone. Realizing the situation he was in, he stated that he began to walk away from the truck when he was called back by Officer Moses.

■ Appellant contends that there was no direct evidence supporting the State's allegations in its motion to revoke probation. He asserts that the chief incriminating circumstance relied upon by the State was his presence in the parking lot next to Gutierrez' truck at the time the battery was discovered on the ground. Of course, mere presence at the scene of the alleged offense is not sufficient alone to show guilt. *Battle v. State*, 571 S.W.2d 20 (Tex. Crim.App.1978); *Moore v. State*, 532 S.W.2d 333, 337 (Tex.Crim.App.1976).

■ In a probation revocation hearing, the trial court is the sole trier of the facts, the credibility of the witnesses and the weight to be given to the testimony. *Grant v. State*, 566 S.W.2d 954, 956 (Tex. Crim.App.1978). After considering all of the evidence, the court may, in its discretion, revoke probation if the State has proven by a preponderance of the evidence each element of the offense. *Shaw v. State*, 622 S.W.2d 862 (Tex.Crim.App.1981); *Battle v. State*, 571 S.W.2d at 22.

■ The State satisfies its burden of proof when the greater weight of the credi-

ble evidence before the court creates a reasonable belief that the condition of probation has been violated. *Taylor v. State*, 604 S.W.2d 175 (Tex.Crim.App.1980). Violation of a single condition of probation is sufficient to support revocation. *Sanchez v. State*, 603 S.W.2d 869 (Tex.Crim.App. 1980); *Jones v. State*, 571 S.W.2d 191 (Tex. Crim.App.1978). The only issue that is reviewable is whether the court abused its discretion in revoking the defendant's probation. *Barnett v. State*, 615 S.W.2d 220 (Tex.Crim.App.1981), appeal dism'd 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75; *Lloyd v. State*, 574 S.W.2d 159 (Tex.Crim. App.1978).

■ To prove burglary of a motor vehicle, the State must show that a person who, without effective consent of the owner, breaks into or enters any part of a vehicle with intent to commit any felony or theft. *Washington v. State*, 603 S.W.2d 859 (Tex. Crim.App.1980); *Grant v. State*, 647 S.W.2d 778 (Tex.App.—Austin 1983, no writ). Evidence that the defendant entered the vehicle with intent to commit theft is sufficient for conviction. It is well established that specific intent to commit theft may be inferred from the circumstances. *Simmons v. State*, 590 S.W.2d 137 (Tex. Crim.App.1979); *Williams v. State*, 537 S.W.2d 936 (Tex.Crim.App.1976).

■ In the instant case, the owner of the vehicle, Gutierrez, testified that the battery was in place just prior to leaving the truck in the parking lot, and that it was missing when he returned. Gutierrez identified as his the battery that had been taken to the police station.

Officer Moses testified that he saw appellant with his hands "fumbling under the hood" of the vehicle from which the battery was removed. Officer Moses also saw appellant close the hood of the truck when he noticed the officer in his patrol car. The battery was discovered on the ground next to appellant, with a white towel over it.

Viewing all of the evidence in the light most favorable to the verdict, we find that the testimony established, by a preponder-

ance of the evidence, that appellant violated the terms of his probation by committing the offense charged in the motion to revoke probation. Clearly, the evidence reveals more than a mere likelihood or strong suspicion of guilt. *Compare Jackson v. State*, 645 S.W.2d 303, 306 (Tex.Crim.App. 1983); *Battle v. State*, 571 S.W.2d at 22. The main fact of appellant's unlawful entry of the vehicle was proved by direct testimony and appellant's intent was properly inferred from the circumstances. *See Simmons v. State*, 590 S.W.2d at 138.

We hold that the trial court did not abuse its discretion in revoking appellant's probation. Ground of error number one is overruled.

The judgment of the trial court is affirmed.