NUMBER 13-00-667-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI


_______________________________________________________________

CARLOS GONZALEZ, Appellant,

v.

THE STATE OF TEXAS, Appellee.

___________________________________________________________________

On appeal from the 138th District Court of Cameron County, Texas.


__________________________________________________________________

O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Yañez

Carlos Gonzalez, appeals the revocation of his community supervision, arguing that the trial court abused its discretion in
revoking his community supervision. We affirm.

Background

On January 10, 2000, Gonzalez entered a plea of guilty and was convicted of burglary of a habitation with intent to commit
a felony assault on Paula Vasquez. See Tex. Pen Code Ann. § 30.02 (a)(3) (Vernon 1994). On January 31, 2000, Gonzalez
was sentenced to ten years to the Texas Department of Criminal Justice Institutional Division. Imposition of the sentence
was suspended and appellant was placed on seven years community supervision. See Tex. Pen. Code Ann. §22.01(a)(1)
(Vernon 1994). On June 14, 2000, the State filed a motion to revoke community supervision following appellant's arrest
for misdemeanor assault. Appellant's community supervision was revoked on October 12, 2000, and appellant was
sentenced to ten years to the Texas Department of Criminal Justice Institutional Division with credit given for the time
spent while waiting to be tried and sentenced in this case. 

Standard of Review

With a single point of error, appellant complains that the trial court abused its discretion in revoking appellant's community
supervision, arguing that the State failed to prove by a preponderance of the evidence that he violated any of his terms and
conditions of community supervision. 

In a community supervision revocation hearing, the State must prove a violation of the terms and conditions of community
supervision by a preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). In
considering this appeal, it is necessary to restate the well-established standards by which we review appeals from
community supervision revocations. A community supervision revocation proceeding is neither a criminal nor a civil trial,
but rather is an administrative hearing. Cobb, 851 S.W.2d at 873. Because of this difference, procedural and evidentiary
requirements are not enforced as strictly as they would be in a criminal trial. Bradley v. State, 564 S.W.2d 727, 729 (Tex.
Crim. App. 1978). The relationship between the probationer and the court is contractual in nature, and the determinative
question in a revocation proceeding is whether the probationer has violated his contract with the court. Davenport v. State,
574 S.W.2d 73, 74 (Tex. Crim. App. 1979). 

In reviewing the evidence to support the trial court's revocation order, an appellate court must view the evidence in the
light most favorable to the trial court's ruling. Guzman v. State, 923 S.W.2d 792, 795 (Tex. App.--Corpus Christi 1996, no
pet.). If multiple grounds for revocation are alleged, proof of any one ground will support the court's order revoking
community supervision. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Williams v. State, 910 S.W.2d 83,
86 (Tex. App.--El Paso 1995, no pet.). 

Accordingly, the trial court does not abuse its discretion in revoking community supervision based on a single adequate
ground for revocation. See Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). The test for abuse of discretion
"is a question of whether the court acted without reference to any guiding rules and principles." Montgomery v. State, 810
S.W.2d 372, 380 (Tex. Crim. App. 1990, en banc) (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985)). Absent an abuse of discretion, we will not disturb the trial court's ruling. Cardona v. State, 665 S.W.2d 492,
493 (Tex. Crim. App. 1984). 

At a revocation of community supervision hearing, the trial judge is the sole judge of the credibility of the witnesses before
him. Corpus v. State, 26 S.W.3d 660, 662 (Tex. App.--Corpus Christi 2000, no pet.) (citing Amezcua v. State, 975 S.W.2d
688, 691 (Tex. App.--San Antonio 1998, no pet.)). Additionally, the judge is entitled to determine the weight to be given to
each of the witnesses' testimony. Lee v. State, 952 S.W.2d 894, 897 (Tex. App.--Dallas 1997, no pet.). The judge is
further entitled to accept or reject a witness' testimony in part or in whole. See Mattias v. State, 731 S.W.2d 936, 940 (Tex.
Crim. App. 1987). Thus, the preponderance of the evidence is met when the greater weight of the credible evidence before
the court creates a reasonable belief that there has been a violation of a condition of probation. Alford v. State, 676 S.W.2d
199, 202-03 (Tex. App.--Corpus Christi 1984, no pet.). 

The Revocation of Community Supervision

In the case at hand, the State must prove by a greater weight of the credible evidence that the appellant either intentionally,
knowingly, or recklessly caused bodily injury to the victim, thus committing a misdemeanor assault. Tex. Pen. Code Ann.
§22.01(a)(1), (b) (Vernon 1994); Cobb, 851 S.W.2d at 873. Proof of any one of the mental states is sufficient to support an
appellant's conviction. Perez v. State, 704 S.W.2d 499, 501 (Tex. App.--Corpus Christi 1986, no pet.). 

We find that the State did establish the commission of a misdemeanor assault by a preponderance of the evidence. It is the
judge's duty to assess the witnesses' credibility and to determine whether the allegations made in the motion to revoke
community supervision are true. Lee, 952 S.W.2d at 897. "Even where a recantation of testimony is made by the principal
witness, a trial court is entitled to disbelieve that later statement and accept the earlier statement as true." Moreno v. State,
1 S.W.3d 846, 853 (Tex. App.--Corpus Christi 1999, pet. ref'd) (citing Hoyos v. State, 951 S.W.2d 503, 511 (Tex. App.--Houston [14th Dist.] 1997), aff'd, 982 S.W.2d 419 (Tex. Crim. App. 1998); Banda v. State, 727 S.W.2d 679, 682 (Tex.
App.--Austin 1987, no pet.); see also Williams v. State, 375 S.W.2d 449, 451 (Tex. Crim. App. 1964). Although at the
revocation hearing, the victim denied she had been assaulted by appellant, she did agree that there had been a scuffle. At
the revocation hearing, the victim recanted all allegations made to the police officer that arrived at the scene of the alleged
assault by stating that she had not been assaulted by appellant on May 5, 2000. The victim further testified as to her
reasons for calling the police and lying to the police officer that arrived at the scene. She testified she was angry at
appellant for wanting to leave her after he accused her of not being faithful. The victim further testified that she and
appellant had engaged in an argument, which later turned into a struggle; however, she claimed the injuries she sustained
were due not to an assault committed by the appellant but due to an injury by a clothing hanger during the struggle.

At the community supervision revocation hearing, the police officer's testimony was used to rebut the victim's statements. 
The officer testified that when he arrived at the scene, the victim was in an emotional state. The officer testified that the
victim, while frantic and crying, repeatedly described to the officer that appellant had beat her up by grabbing her hair and
slamming her against the hood of a car parked outside her home. Further, the police officer at the scene testified that the
victim alleged being hit by the appellant with a pair of pants, which caused a welt on her arm. Additionally, there is
evidence from the officer that the injuries sustained by the victim on her arm and on her face were consistent with the
victim's original description of the assault. The injuries sustained by the victim were serious enough for the officer to call
EMS. The evidence also shows that the victim was afraid appellant would return. Finally, evidence by the State shows that
the appellant fled after being identified by the victim, thus raising an inference of guilt. Scamando v. State, 517 S.W.2d
293, 297 (Tex. Crim. App. 1974); see also Clayton v. State, 493 S.W.2d 526, 528 (Tex. Crim. App. 1973);. 

The evidence presented by the State is sufficient to prove by a preponderance of the evidence that the appellant committed
a misdemeanor assault upon Paula Vasquez. After reviewing the record, we conclude that the evidence was sufficient to
create the reasonable belief that appellant violated a condition of his community supervision by committing the offense of
misdemeanor assault. Thus, we conclude that the trial court did not err in revoking appellant's community supervision. 
Appellant's sole point of error is overruled.

We AFFIRM the trial court's order revoking appellant's community supervision. 

 

LINDA REYNA YAÑEZ

Justice

Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

16th day of August, 2001.