Opinion filed September
15, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00326-CR

                                                    __________

 

                        NORMAN
AMBROSE CARROLL, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the 142nd District Court

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CR28087

 



 

                                            M
E M O R A N D U M   O P I N I O N

Norman
Ambrose Carroll appeals the revocation of his community supervision and
adjudication of guilt for the offenses of indecency with a child and aggravated
sexual assault of a child.  After revoking Carroll’s community supervision and
adjudicating guilt for these offenses, the trial court assessed Carroll’s
punishment in each offense at five years in the Texas Department of Criminal
Justice, Institutional Division, with the sentences to run concurrently. 
Carroll contends in two issues that the trial court abused its discretion and
denied his due process rights when it revoked his community supervision and
adjudicated his guilt and that the evidence is insufficient to show he violated
at least one of the terms and conditions of community supervision as alleged in
the State’s motion to revoke.  We affirm.

            We
will first consider Carroll’s contention that the trial court abused its
discretion by revoking his community supervision because the evidence is
insufficient to support the revocation.  Our review of an order revoking
community supervision is limited to a determination of whether the trial court
abused its discretion.  Montoya v. State, 832 S.W.2d 138, 140 (Tex. App.—Fort
Worth 1992, no pet.).  Violation of a single condition of community supervision
will support revocation.  Moore v. State, 605 S.W.2d 924, 926 (Tex.
Crim. App. 1980); Sterling v. State, 791 S.W.2d 274, 276 (Tex. App.—Corpus
Christi 1990, pet. ref’d).  The burden of proof in a community supervision
revocation hearing is by a preponderance of the evidence.  Cardona v. State,
665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  In such a hearing, the trial
court is the sole factfinder, and the evidence is viewed in a light most
favorable to its decision.  Alford v. State, 676 S.W.2d 199, 201 (Tex.
App.—Corpus Christi 1984, no pet.).

One
of the bases for the revocation was that Carroll violated the terms of the
Special Conditions of Community Supervision for Sex Offenders by not
successfully completing the Midland County Sexual Offender Treatment Program
due to his turning in incomplete assignments.  Kimberly Allison Rogers
testified that she is a supervision officer for Midland CSCD, the Midland
County Community Supervision and Corrections Department.  When asked for a term
or condition of his community supervision that Carroll had violated, Rogers
referred, among other things, to his having been given an unsuccessful
discharge from the sex offender treatment program in April 2009.  She indicated
that Carroll had not done satisfactory work in treatment, although he had
presented some work that was satisfactory.  She stated that he had presented
numerous assignments that were not up to the quality of work that he had
already indicated that he was capable of doing.  She expressed her belief that
successful completion of the sex offender treatment program is extremely
critical to the success of community supervision.  She said that she did not
supervise his work.

Kimberly Garcia testified that she
is a licensed sex offender treatment provider with the Midland Judicial CSCD. 
She indicated that Carroll incurred enough violations for incomplete or
inappropriate assignments so as to warrant a level 5 violation, on a scale of 1
to 5, which resulted in his discharge from the program.  She described an
incomplete assignment as one that is not completed according to the
instructions given or that is unacceptable according to the instructions
given.  She identified certain documents as four assignments that he had done and
that she considered incomplete because they did not relate to his thoughts,
feelings, and emotions.  She identified other documents as documents successfully
completed.

Carroll testified that he had
difficulty with the incomplete items because he had difficulty coming up with
things to write about since he spent a lot of time at home and because
arthritis and tendonitis made it hard for him to write things out by hand.  He
denied that Garcia had offered him the opportunity to submit work by tape-recording
it.

The evidence is sufficient to show
that Carroll did not complete the sex offender treatment program as ordered. 
Because the evidence was sufficient to show that Carroll violated one of the
conditions of his community supervision, the trial court did not abuse its
discretion by revoking community supervision.  

Carroll urges that the revocation
must be reversed because the trial court failed to make findings of fact and
conclusions of law as requested by him.  The court, in the judgment of
revocation, stated that Carroll violated the terms and conditions of his
community supervision as set out in the attached document.  The attached
document states that Carroll violated his community supervision by failing to
pay in full for fees, failing to pay for counseling, and failing to
successfully complete the Midland County Sexual Offender Treatment Program.  We
hold that this portion of the judgment adequately meets the due process
requirement of findings of fact and conclusions of law.  See Joseph v. State,
3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

Carroll argues that the trial court
abused its discretion because there was no showing that he was able to pay the
fees that he owed.  However, this argument has no merit where, as here, the
record shows that his community supervision was revoked because he did not
successfully complete the sexual offender treatment program, not because of
failure to pay fees associated with the program.  We
overrule Issues One and Two.

            The judgment revoking
community supervision and adjudicating guilt is affirmed.

 

September 15, 2011                                                                PER
CURIAM

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.