**Opinion filed September 15, 2011**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00326-CR

_____

## NORMAN AMBROSE CARROLL, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR28087**

### M E M O R A N D U M   O P I N I O N

Norman Ambrose Carroll appeals the revocation of his community supervision and adjudication of guilt for the offenses of indecency with a child and aggravated sexual assault of a child. After revoking Carroll's community supervision and adjudicating guilt for these offenses, the trial court assessed Carroll's punishment in each offense at five years in the Texas Department of Criminal Justice, Institutional Division, with the sentences to run concurrently. Carroll contends in two issues that the trial court abused its discretion and denied his due process rights when it revoked his community supervision and adjudicated his guilt and that the evidence is insufficient to show he violated at least one of the terms and conditions of community supervision as alleged in the State's motion to revoke. We affirm.

We will first consider Carroll's contention that the trial court abused its discretion by revoking his community supervision because the evidence is insufficient to support the revocation. Our review of an order revoking community supervision is limited to a determination of whether the trial court abused its discretion. *Montoya v. State*, 832 S.W.2d 138, 140 (Tex. App.—Fort Worth 1992, no pet.). Violation of a single condition of community supervision will support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Sterling v. State*, 791 S.W.2d 274, 276 (Tex. App.—Corpus Christi 1990, pet. ref'd). The burden of proof in a community supervision revocation hearing is by a preponderance of the evidence. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In such a hearing, the trial court is the sole factfinder, and the evidence is viewed in a light most favorable to its decision. *Alford v. State*, 676 S.W.2d 199, 201 (Tex. App.—Corpus Christi 1984, no pet.).

One of the bases for the revocation was that Carroll violated the terms of the Special Conditions of Community Supervision for Sex Offenders by not successfully completing the Midland County Sexual Offender Treatment Program due to his turning in incomplete assignments. Kimberly Allison Rogers testified that she is a supervision officer for Midland CSCD, the Midland County Community Supervision and Corrections Department. When asked for a term or condition of his community supervision that Carroll had violated, Rogers referred, among other things, to his having been given an unsuccessful discharge from the sex offender treatment program in April 2009. She indicated that Carroll had not done satisfactory work in treatment, although he had presented some work that was satisfactory. She stated that he had presented numerous assignments that were not up to the quality of work that he had already indicated that he was capable of doing. She expressed her belief that successful completion of the sex offender treatment program is extremely critical to the success of community supervision. She said that she did not supervise his work.

Kimberly Garcia testified that she is a licensed sex offender treatment provider with the Midland Judicial CSCD. She indicated that Carroll incurred enough violations for incomplete or inappropriate assignments so as to warrant a level 5 violation, on a scale of 1 to 5, which resulted in his discharge from the program. She described an incomplete assignment as one that is not completed according to the instructions given or that is unacceptable according to the instructions given. She identified certain documents as four assignments that he had done and

2

that she considered incomplete because they did not relate to his thoughts, feelings, and emotions. She identified other documents as documents successfully completed.

Carroll testified that he had difficulty with the incomplete items because he had difficulty coming up with things to write about since he spent a lot of time at home and because arthritis and tendonitis made it hard for him to write things out by hand. He denied that Garcia had offered him the opportunity to submit work by tape-recording it.

The evidence is sufficient to show that Carroll did not complete the sex offender treatment program as ordered. Because the evidence was sufficient to show that Carroll violated one of the conditions of his community supervision, the trial court did not abuse its discretion by revoking community supervision.

Carroll urges that the revocation must be reversed because the trial court failed to make findings of fact and conclusions of law as requested by him. The court, in the judgment of revocation, stated that Carroll violated the terms and conditions of his community supervision as set out in the attached document. The attached document states that Carroll violated his community supervision by failing to pay in full for fees, failing to pay for counseling, and failing to successfully complete the Midland County Sexual Offender Treatment Program. We hold that this portion of the judgment adequately meets the due process requirement of findings of fact and conclusions of law. *See Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

Carroll argues that the trial court abused its discretion because there was no showing that he was able to pay the fees that he owed. However, this argument has no merit where, as here, the record shows that his community supervision was revoked because he did not successfully complete the sexual offender treatment program, not because of failure to pay fees associated with the program. We overrule Issues One and Two.

The judgment revoking community supervision and adjudicating guilt is affirmed.


September 15, 2011                                                    PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.