

NUMBER 13-07-270-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ERNESTO GONZALEZ,                                     **Appellant,**

**v.**

THE STATE OF TEXAS ,                                    **Appellee.**

**On appeal from the 94th District Court of Nueces County, Texas.**

# CONCURRING MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Concurring Memorandum Opinion by Justice Yañez**

I concur with the result, but respectfully disagree with the majority's conclusion that

appellant was entitled to an accomplice witness instruction.

The evidence in this case is not sufficient to connect Juarez to the arson as a

blameworthy participant.[1] There is no evidence in the record that Juarez solicited, encouraged, or directed appellant and Rios to commit the arson.[2] Therefore, in order to assist in the commission of the offense, Juarez must have aided or attempted to aid Rios to commit the offense.[3]

There is neither conflicting nor unclear evidence that, when Juarez allowed Rios to borrow the truck, she had full knowledge that Rios and the men were going to commit the arson. In other words, there is no evidence that Juarez loaned her mother's truck to Rios so that he could drive to Ybanez's house to commit the arson. Although Juarez heard the men state that they wanted to commit the arson and loaned her mother's truck to Rios, "there must still be some evidence of an affirmative act on the part of the witness to assist in the commission of the charged offense before such an instruction is required."[4] Reliance may be placed on actions which show an understanding and common design to do a certain act.[5] Evidence that Juarez loaned the truck to Rios does not establish that Juarez, Rios, and appellant had an understanding and common design to commit the offense of arson without evidence that Juarez knew that Rios borrowed the truck to

---

[1] *Cocke v. State*, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006).

[2] *See* TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 2003) ("A person is criminally responsible for an offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. . . .").

[3] *See id.*

[4] *Druery v. State*, 225 S.W.3d 491, 499 (Tex. Crim. App. 2007) (citing *Kunkle v. State*, 771 S.W.2d 435, 440 (Tex. Crim. App. 1986)).

[5] *Smith v. State*, 781 S.W.2d 675, 678 (Tex. App.–Dallas 1989, pet. ref'd).

2

commit the offense.[6]  Here, the evidence does not show that when Juarez gave Rios the keys, Juarez was acting together with the men, contributing her part towards the execution of the arson.[7]  Therefore, there is no evidence that she was assisting the commission of the arson.[8]

Relying on *Phillips v. State*,[9] the majority concludes that Juarez assisted in the commission of the offense by providing the necessary transportation to the men.  The majority states that "[a] person who provides transportation for another person, knowing that the other person intends to commit a crime, is an accomplice under the law of parties."  However, in *Phillips*, the court found that the witness had full knowledge that the appellant was intending to commit the arson when the witness provided the transportation.[10]  In that case, the court reasoned that the witness was an accomplice if, knowing the unlawful intent of the appellant, the witness furnished his horse to the appellant so that the appellant could ride to the place where the arson was committed.[11]

The majority asserts that Juarez admitted that when Rios asked to borrow the keys

---

[6] *See id.*

[7] *See Burdine v. State*, 719 S.W.2d 309, 315 (Tex. Crim. App. 1986) (en banc); *Mullins v. State*, 173 S.W.3d 167, 174 (Tex. App.–Fort Worth 2005, no pet.); *Smith*, 781 S.W.2d at 678.

[8] *See Kunkle*, 771 S.W.2d at 439-41 (concluding  that individual who knew of planned robbery, failed to abandon group, allowed victim to be induced into vehicle, would have told group if police were coming, and was present when the victim was shot in head was not accomplice witness as matter of fact absent affirmative act); *see also Ferguson v. State*, 573 S.W.2d 516, 523-24 (Tex. Crim. App.1978) (determining that witness who owned the murder weapon, knew that the appellant planned on "robbing a store" that night, hid the knife under a pillow, and spent money he knew was obtained during the robbery had not aided in the commission of capital murder).

[9] *Phillips v. State*, 17 Tex. Ct. App. 169 (1884).

[10] *See id.* at 174.

[11] *See id.* at 175.

3

to the truck, she knew what the men were about to do. I do not agree.[12] Defense counsel asked Juarez, "Well, you gave them the keys and you knew—what you're testifying to, you knew what they were going to do—" Juarez responded, "Yes." Assuming that Juarez meant to respond "Yes" to both statements, her response shows only that she gave Rios the keys and that she knew that Rios and appellant were planning to "cocktail" Ybanez's house. However, this testimony does not show that Juarez was aware that Rios wanted to borrow the truck so that he could drive to Ybanez's house to commit the offense. In fact, the evidence shows that when Rios asked to borrow the truck, he told Juarez that he "needed to take care of some business."

The parties did not present conflicting or unclear evidence that Juarez assisted in the arson.[13] Juarez did not help appellant or his accomplices plan the offense; she did not help them obtain the Molotov cocktails used in the offense; she was not present during the commission of the offense; she did not encourage the offense by either words or agreement; and she did not participate in the commission of the offense.[14] I cannot agree that a question of fact was raised because Juarez loaned her mother's truck to Rios, without evidence that she had full knowledge that the men would use the truck to commit

---

[12] *See Rios v. State*, No. 13-07-00264-CR, 2008 Tex. App. LEXIS 6524, *20 (Tex. App.–Corpus Christi Aug. 26 2008, no pet.) (mem. op.) (noting that "Juarez's statement at trial was far from a clear 'admission' that she had participated in the crime as an accomplice").

[13] *See Cocke*, 201 S.W.3d at 748.

[14] *See Salinas v. State*, 163 S.W.3d 734, 739 (Tex. Crim. App. 2005); *Hoang v. State*, 263 S.W.3d 18, 22 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd) ("Evidence is sufficient to sustain a conviction under the law of parties if it shows that the defendant was physically present at the commission of the offense and encouraged the commission of the offense either by words or other agreement.") (citing *Tarpley v. State*, 565 S.W.2d 525, 529 (Tex. Crim. App. 1978); *Miller v. State*, 83 S.W.3d 308, 313-14 (Tex. App.–Austin, 2002, no pet.)).

4

the arson.[15]

Therefore, I would conclude that the trial court was not required to provide an accomplice witness instruction and did not err in failing to do so.[16] I would further conclude that because the facts in this case did not warrant an accomplice witness instruction, appellant has not shown that trial counsel's performance was deficient by not requesting such an instruction.[17]

LINDA REYNA YAÑEZ,
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Concurring Memorandum Opinion delivered and filed
this the 30th day of July, 2009.

---

[15] *See Druery*, 225 S.W.3d at 498 (providing that a witness is not an accomplice to a crime merely because she knows of an offense and fails to disclose it, nor does she become an accomplice by concealing the offense); *Cocke*, 201 S.W.3d at 748.

[16] *Cocke*, 201 S.W.3d at 748.

[17] *Thompson v. State*, 9 S.W.3d 808, 812, 814 (Tex. Crim. App. 1999) ("Failure to make the required showing of . . . deficient performance . . . defeats the ineffectiveness claim."); *see Strickland v. Washington*, 466 U.S. 668, 689, 694 (1984).