Willie HOWARD, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–044–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 10, 1981.

Frank M. Sheppard, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, JUNELL and MURPHY, JJ.

MURPHY, Justice.

Willie Howard, Jr., (Appellant) brings his appeal from a jury conviction for the offense of murder to which he pleaded not guilty. In contention is whether the trial court erred in overruling appellant's motion for continuance and by refusing appellant's charges on aggravated assault and self-defense. We reverse and remand.

Appellant asserts the trial court erred in overruling his motion for continuance. Appellant filed his motion on the day of trial after announcing "ready," alleging absence of witnesses material to his claim of self-defense. A motion for new trial alleging error in failing to grant a motion for continuance based upon absent witnesses is a prerequisite to contending error on appeal. *Baker v. State,* 467 S.W.2d 428, 429 (Tex.Cr.App.1971); *Varela v. State,* 561 S.W.2d 186, 191 (Tex.Cr.App.1978). The verified motion must set forth the facts expected to be proved and state to what the absent witness will actually testify. *Id.* In failing to submit any motion for new trial, appellant preserved nothing for review. *Roper v. State,* 558 S.W.2d 482, 484 (Tex.Cr. App.1977). In addition, appellant's motion for continuance fails to comply with the requisite showing of diligence mandated in Tex.Code Crim.Pro. art. 29.06. (Vernon 1981). The granting of a motion for continuance lies within the discretion of the trial court. *Ewing v. State,* 549 S.W.2d 392, 394 (Tex.Cr.App.1977). We find no abuse of discretion and overrule appellant's first ground of error.

Appellant maintains the court erred in refusing a requested charge on aggravated assault in his second ground of error. He contends appellant's testifying he lacked intent to kill the deceased would require an aggravated assault charge. Failure to give a charge on the lesser included offense of aggravated assault is not error where an accused used a deadly weapon per se. *Simpkins v. State,* 590 S.W.2d 129, 134 (Tex.Cr.App.1979). Appellant here used a pistol which is a deadly weapon per se. *Cain v. State,* 549 S.W.2d 707, 713 (Tex. Cr.App.1977). Accordingly, we overrule appellant's second ground of error.

In his final ground of error, appellant asserts the trial court committed error in refusing his charge on self-defense which would instruct the jury to consider all facts and circumstances and the words, acts, threats, and conduct of the deceased in determining the existence of apparent danger. A defendant's rights are adequately

protected where a trial court instructs the jury to consider all facts and circumstances surrounding the murder and it commits no error in refusing to include the additional instruction to consider the words, acts, threats and conduct of the deceased. *Valentine v. State*, 587 S.W.2d 399, 401 (Tex.Cr. App.1979). The charge before us includes no instructions that the jury consider all facts and circumstances surrounding the deceased's death or the words, acts, threats and conduct of the deceased. A charge must be viewed as a whole to determine the existence of fundamental error. *White v. State*, 610 S.W.2d 504, 507 (Tex.Cr.App.

1981). An examination of self-defense charges found adequate leads us to conclude the trial court erroneously restricted consideration of the issue of self-defense. *See*, e.g., *Thomas v. State*, 599 S.W.2d 812, 813 (Tex.Cr.App.1980).

We reverse and remand for a new trial.