Terron Lee McCRAW, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–83–00978–CR.

Court of Appeals of Texas, Dallas.

March 29, 1985.

Mike Nelson, Lawrence Mitchell, for appellant.

Tom Streeter, Dallas, for appellee.

Before CARVER, WHITHAM and GUILLOT, JJ.

GUILLOT, Justice.

We grant the appellant's and the State's motions for rehearing and withdraw our former opinion. Appellant appeals from his conviction of burglary of a habitation. The trial was before the court, without a jury, and the court assessed punishment, enhanced, at fifteen years imprisonment in the Texas Department of Corrections. On appeal, appellant raises four grounds of error: (1) the record is void of the prosecutor's written consent to the jury waiver; (2) the record is void of a written jury waiver by the appellant; (3) the motion for continuance does not conform with the statute; and (4) the evidence was insufficient to prove the offense. For the reasons below, we affirm.

In his first two grounds of error, appellant contends that the conviction should be reversed because the record is void of any written jury waiver and written consent and approval by the State of such waiver of a jury trial. A reasonable reading of appellant's argument is that the record below— the record we review—is void of any such waiver. In our former opinion, we interpreted his argument to be that no such waiver was signed or consented to by the prosecuting attorney. On rehearing, however, the appellant contends that he meant the record on appeal does not contain the written waiver or written consent of the prosecuting attorney. We accept appellant's contention on rehearing and view his argument as confined to the record on appeal. We further withdraw our chastisement of appellant's counsel due to our former interpretation of their argument. We admonish appellant's counsel, however, to be more precise in wording their grounds of error so as to avoid any misinterpretation by an appellate court.

The gist of appellant's contentions in his first two grounds of error is disposed of by the recent holding of the Court of Criminal Appeals in *Breazeal and Higgs v. The State of Texas*, 683 S.W.2d 446 (Tex. Crim.App., 1985) (en banc) (on motion for rehearing). In that opinion the Court of Criminal Appeals held that, in the absence of direct proof of their falsity, recitations in the court's judgment are binding and create a presumption of regularity. In the instant case, the judgment recites that appellant signed the waiver in open court with the signed consent and approval of the court and district attorney. There is no affirmative showing to the contrary. Thus, on the authority of *Breazeal and Higgs*, we overrule appellant's first two grounds.

Motion for Continuance

Appellant next complains of the continuance granted upon the State's motion. Appellant argues that the motion was improp-

erly granted because it did not comply with the statutory requirements in that it was not in writing, not sworn to, not occasioned by an unexpected occurrence, and does not show sufficient cause.

 Appellant correctly states that whether to grant or deny a motion for continuance is within the discretion of the trial court and that the standard for appellate review is whether the trial court abused its discretion. *Hernandez v. State*, 643 S.W.2d 397 (Tex.Crim.App.1982) (en banc), *cert. denied*, 462 U.S. 1144, 103 S.Ct. 3128, 77 L,Ed.2d 1379. However, the issue must be properly preserved for our review. Error as to procedural matters must first be raised in the trial court. *Cf. Vigneault v. State*, 600 S.W.2d 318, 329 (Tex.Crim. App.1980) (en banc); *Anderson v. State*, 615 S.W.2d 745, 746 (Tex.Crim.App.1981); *Bullard v. State*, 533 S.W.2d 812, 815 (Tex. Crim.App.1976). This is true upon the denial of a motion for continuance. *Howard v. State*, 625 S.W.2d 440 (Tex.App.—Houston [14th Dist.] 1981, no pet.); *Lapp v. State*, 519 S.W.2d 443, 447–48 (Tex.Crim. App.1975). We see no reason to apply a contrary rule when a motion for continuance is granted. Appellant did not raise an objection in any form at trial; therefore, he preserved no error. We overrule this ground.

### Sufficiency of the Evidence

 In his final ground, appellant contends that the evidence is insufficient to prove his entry. The Penal Code provides: "Each party to an offense may be charged with commission of the offense." TEX.PENAL CODE ANN. § 7.01(b) (Vernon 1974). To determine whether a person was acting as a party, the trial court may look to events before, during, and after the offense. *Morrison v. State*, 608 S.W.2d 233 (Tex.Crim.App.1980). The evidence must show that the parties were acting together, each doing some act to execute the common purpose. *Brooks v. State*, 580 S.W.2d 825 (Tex.Crim.App.1979).

Appellant contends that he is entitled to reversal because the evidence is insufficient to prove his entry. The evidence shows that appellant did not physically enter the burgled home. However, he twice received stolen clothing through the window, and he warned a neighbor not to call the police.

 To determine the sufficiency, we must view all the evidence in the light most favorable to the verdict. *Drager v. State*, 548 S.W.2d 890 (Tex.Crim.App.1977). The evidence that appellant acted toward a common end together with the man who entered the building is sufficient so that a rational trier of fact could have found all of the elements of the crime charged beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984) (en banc). Appellant's challenge to the sufficiency of the evidence is overruled.

The judgment of the trial court is affirmed.