**AFFIRM; and Opinion Filed August 26, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00438-CR

**JAMES EMBRY MAY II, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-84903-10**

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill, and Brown
Opinion by Justice O'Neill

Appellant James Embry May II appeals his conviction for driving while intoxicated. After finding appellant guilty, the trial court assessed punishment at ninety days' confinement, probated for eighteen months and a $600 fine. In two points of error, appellant contends the trial court erred in (1) denying his motion to suppress evidence, and (2) granting the State's pretrial motion for continuance. For the following reasons, we affirm the trial court's judgment.

In his first issue, appellant contends the trial court erred in denying his motion to suppress evidence obtained after an unlawful "citizen's arrest." According to appellant, he was "arrested" by Frances Petroff, a retired nurse. The trial court considered and denied appellant's motion to suppress during his bench trial.

The evidence at trial showed that Petroff observed appellant driving a black Camry when she was returning home from work at about 5:30 p.m. The Camry was stopped at a red light at

the corner of Parker and Preston in Plano. A man in an SUV that was stopped behind the Camry had exited his vehicle and was pounding on the Camry's window, yelling for someone to call the police.

When the light turned green, appellant proceeded down Parker. Petroff followed, and pulled up beside the car to look at the driver. She said appellant was staring straight ahead and seemed to be in some distress. She called 911, put on her flashers, and started honking her horn in an effort to get him to stop. She followed appellant, as he made two turns and eventually stopped on a side street in a residential neighborhood. Petroff pulled in behind appellant. When he stopped, appellant exited his vehicle and told Petroff he was looking for Thanksgiving Street. Petroff told appellant that she did not know what was wrong, but she was concerned about him. When appellant got close to Petroff, she smelled alcohol on him and she realized he was intoxicated and was not having a medical emergency. She said a fire truck, an ambulance, and police responded to the scene. After giving police a statement, she left. Appellant was subsequently arrested for DWI.

In his first issue, appellant contends the trial court erred in denying his motion to suppress because Petroff "arrested" him without probable cause. When reviewing a trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the ruling. *State v. Robinson*, 334 S.W.3d 776, 778 (Tex. Crim. App. 2011). In determining whether our exclusionary rule requires suppression of evidence due to the actions of a private person, the question is whether evidence was obtained by actions of the private person that would have violated the Fourth Amendment if done by a police officer. *Miles v. State*, 241 S.W.3d 28, 45 (Tex. Crim. App. 2007). When a defendant alleges evidence should be suppressed under the Fourth Amendment, he has the initial burden of establishing he was "seized." *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986), *disapproved on other grounds by Handy v. State*, 189

S.W.3d 296 (Tex. Crim. App. 2006). It is only when an officer, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen," will courts conclude that a "seizure" has occurred. *State v. Garcia-Cantu*, 253 S.W.3d 236, 242 (Tex. Crim. App. 2008).

According to appellant, Petroff "arrested" him because her actions in honking her horn and putting on her "flashers" caused him to stop, and thus interfered with his freedom of movement. We disagree with appellant for two reasons. First, although it is undisputed that Petroff was trying to get appellant to stop and appellant did eventually stop, appellant did not present any evidence Petroff was the reason he stopped.[1] Second, even if appellant stopped because of Petroff's actions, we cannot agree this establishes she "arrested" or otherwise detained him. Petroff did not use or threaten any force to cause appellant to stop at the scene, she did not prevent him from leaving the scene, and she did not otherwise physically restrict appellant's freedom of movement in any way. *Cf. Miles*, 241 S.W.3d at 31 (citizen followed defendant into a parking lot and then "corralled" defendant and demanded his keys). Nor did Petroff have, claim to have, or exhibit any type of authority that might have caused appellant to reasonably believe he was required to stop. *Cf. Romo v. State*, 577 S.W.2d 251, 253 (Tex. Crim. App. 1979) (member of Buffalo Springs Lake Patrol, who was outside his jurisdiction, effected a citizen's arrest when he pulled over the defendant's vehicle by turning on his red lights, took the defendant's license and stayed with defendant until local police arrived.). We cannot agree that Petroff honking her horn and putting on her flashers are akin to an officer utilizing red lights on a patrol vehicle. Because Petroff did not "arrest" or otherwise detain appellant, we need not determine whether she had probable cause. We resolve the first issue against appellant.

---

[1] Indeed, evidence was subsequently presented showing appellant had blown his tire and had been driving on his rim.

In his second issue, appellant contends the trial court erred in granting the State's motion for continuance. Appellant's trial was initially set for December 10, 2012. On December 6, after conducting a hearing, the trial court granted the State's motion for continuance. The hearing was not transcribed and therefore we have no record of that proceeding. According to appellant, the State had not filed a written motion for continuance at the time of the hearing, but did so later that day, after he objected to the lack of a written motion. In its written motion, the State requested a continuance because Petroff had been hospitalized for blood clots that had spread to all quadrants of her lungs. Although Petroff was expected to be released the following day, she had an appointment to see her doctor on December 10.

An appellant must object to the trial court's ruling on whether to grant or deny a continuance to preserve error for appeal. *McCraw v. State*, 690 S.W.2d 69, 71 (Tex. App.— Dallas 1985, no pet.); *see also Vigneault v. State*, 600 S.W.2d 318, 329 (Tex. Crim. App. 1980) (en banc); *Anderson v. State*, 615 S.W.2d 745, 746 (Tex. Crim. App. 1981). To be timely, an objection must be made as soon as the grounds for objecting become apparent. *Lackey v. State*, 364 S.W.3d 837, 843 (Tex. Crim. App. 2012). The two main purposes of requiring a timely objection is (1) to inform the judge of the basis of the objection and give him the chance to make a ruling on it, and (2) to give opposing counsel the chance to remove the objection or provide other testimony. *Garza v. State*, 126 S.W.3d 79, 82 (Tex. Crim. App. 2004).

An appellant must present a record in the court of appeals that demonstrates he is entitled to appellate relief. *Davis v. State*, 345 S.W.3d 71, 79 (Tex. Crim. App. 2011). Here, the only objection contained in the record is appellant's motion to dismiss filed over two months after the trial court granted the State's motion for continuance. In this motion, appellant complained that the trial court erred in granting the continuance because the State's written motion did not comply with article 29.04 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art.

–4–

29.04 (West 2006). Although appellant stated in the motion that he had objected to the continuance two months earlier, counsel's statements about what occurred at a hearing cannot substitute for a record of the pertinent proceedings.[2] *Cf. Granado v. State*, 228 S.W.2d 530, 521 (Tex. Crim. App. 1950) (statements in a brief cannot give appellate court knowledge of what occurred at a proceeding for which there is no record). Further, even if we considered the objections appellant claimed to have made at the hearing, he complained only that the State had not at that time filed a written motion for continuance. It is undisputed the State subsequently did so and appellant did not complain about the adequacy of the written motion for over two months. We conclude appellant waived any error regarding the continuance.

Further, we note appellant's argument is premised on his contention that a trial court may only grant a State's first motion for continuance if it meets the requirements of 29.04 of the code of criminal procedure. Article 29.04 provides the circumstances under which a State's first motion for continuance "shall be sufficient." *See* TEX. CODE CRIM. PROC. ANN. art. 29.04 (West 2006). Article 29.03, however, also provides that a trial court "may" grant a continuance on written motion filed by the State or the defendant showing "sufficient cause." *See* TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006). In addition to these two statutory grounds for a continuance, a trial court also possesses discretion to grant an oral motion for continuance on equitable grounds. *See Hernandez v. State*, 492 S.W.2d 466, 467 (Tex. Crim. App. 1973); *O'Rarden v. State*, 777 S.W.2d 455, 458 (Tex. App.—Dallas 1989, pet. ref'd); *Darty v. State*, 149 Tex. Crim. 256, 193 S.W.2d 195, 195 (1946); *Williams v. State*, 172 S.W.3d 730, 733 (Tex. App.—Fort Worth 2005, pet. ref'd). Appellant has not attempted to show the trial court abused its discretion in granting the State's motion for continuance under either Article 29.03 or on

---

[2] The record does not show appellant objected that the proceedings were not transcribed and he does not raise that complaint on appeal. *See Davis,* 345 S.W.3d at 77.

equitable grounds. We resolve the second issue against appellant and affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130438F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES EMBRY MAY II, Appellant

No. 05-13-00438-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 5, Collin County, Texas

Trial Court Cause No. 005-84903-10.

Opinion delivered by Justice O'Neill.

Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of August, 2014.